Hazel **BAILEY**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 74–3142.**

United States District Court,
E. D. Pennsylvania.

June 18, 1979.

James W. Wilson, Ted J. Sudol, Legal Intern, Philadelphia, Pa., for plaintiff.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

---

## MEMORANDUM

LUONGO, District Judge.

Plaintiff applied for disability insurance benefits more than six years ago. Record at 37–40. Her claim was initially denied on April 5, 1973, and since then she has pursued a number of administrative and judicial appeals. A hearing was held on May 10, 1974 before ALJ Lightfoot, who denied her claim. The Appeals Council affirmed that decision on October 11, 1974, and plaintiff then commenced this lawsuit. I remanded her claim to the Secretary on January 12, 1976, and a supplemental hearing was held before ALJ Walsh on July 14, 1976. On February 24, 1977, ALJ Walsh issued his findings and conclusions, along with a recommended decision denying plaintiff's claim. *Id.* 103–07. Plaintiff's counsel filed written exceptions .to several aspects of the recommended decision. On June 14, 1977, the Appeals Council issued a written decision that dealt with counsel's contentions and went on to uphold the ALJ's recommended decision. *Id.* 91–93. The Secretary promptly moved for summary judgment in his favor, and plaintiff later filed a cross-motion for summary judgment. For the reasons hereafter stated, I conclude that the Secretary's motion should be granted.

■ A recapitulation of all the medical evidence contained in the administrative record would serve little purpose here. Plaintiff essentially argues that she is disabled by psychophysiological cardiovascular disorder, and that the Secretary erred in finding that she is not under a disability (as that term is used in the Social Security Act, 42 U.S.C. § 423(a)(1)(D), (d) (1976)).[1] In

support of her position, plaintiff calls attention to two asserted errors in the ALJ's evaluation of the evidence presented to him. Although these aspects of the ALJ's decision are certainly troublesome, the finding that plaintiff is not under a disability is nevertheless supported by substantial evidence and, hence, conclusive under 42 U.S.C. §§ 405(g), 421(d) (1976).

One disturbing aspect of the administrative record here is the ALJ's unexplained rejection of the psychiatric diagnosis offered by Dr. Herman Hirsh, who stated that plaintiff suffered from psychophysiological cardiovascular disorder. Some background is needed to place this issue in its proper perspective. At the supplemental hearing on July 14, 1976, a vocational expert testified regarding plaintiff's ability to perform sedentary work, the type of work she had previously done. Following the hearing, plaintiff underwent a consultative psychiatric examination. The psychiatrist, Dr. Herman Hirsh, then submitted to the ALJ a report and a supplemental questionnaire. Dr. Hirsh's report plainly stated: "[T]he diagnosis here would be psychophysiological cardiovascular impairment, providing there has not been any true cardiac impairment . . .." Record at 250. ALJ Walsh then forwarded these materials to the vocational expert in order to determine whether "the additional reports would change any answers [he] gave at the hearing." Record at 108. In his reply letter, the vocational expert stated: "If [plaintiff] is suffering from psychophysiological cardiovascular disorder, as Dr. Hirsh stated, in my opinion she would need psychotherapy and gradual exposure to increasing physical

---

1. Plaintiff's extensive brief presents several other arguments that do not warrant discussion here. She asserts, for example, that the Secretary improperly minimized her problems with depression and intolerance to stress simply because prescribed medication (Valium) effectively alleviates their symptoms. Thus: "[Plaintiff] contends that the use of [V]alium may actually contribute to rather than remedy the severity of her ailments. and psychological problems." Plaintiff's Brief (Document No. 12) at 29. As I understand it, plaintiff urges that the Secretary may not ignore the side effects of

medication taken to alleviate an otherwise disabling condition. That proposition seems reasonable. But the record contains no evidence regarding any ill effects that plaintiff may have suffered during the four years she has taken Valium. Nor does plaintiff seek a remand for the purpose of introducing such evidence. Instead, she recites in her brief some of that drug's side effects (as listed in the *Physician's Desk Reference*), and asks me to infer that any benefits she derives from taking Valium are obtained at a high price. This I cannot do.

exertion before she could work in competitive industry five days a week, eight hours a day." *Id*. 254. The ALJ, paraphrased this statement in his written decision and then commented blandly: "Since I do not believe that the claimant so suffers, my opinion [of her ability to perform sedentary work] is not changed." *Id*. 106.

■ The ALJ unquestionably erred in simply dismissing an uncontradicted psychiatric diagnosis. In an appropriate case, such error might require a remand. On the present record, however, it seems clear that plaintiff's cause would not be advanced by a remand. Were I to remand her claim, the Secretary in all likelihood would modify his findings to note that plaintiff suffers from psychophysiological cardiovascular disorder, but that she is not disabled by it. This modified finding would plainly pass muster under the "substantial evidence" standard. 42 U.S.C. § 405(g) (1976). After all, the Secretary's Listing of Impairments specifies that a functional nonpsychotic disorder, such as psychophysiological cardiovascular disorder, will be deemed disabling only when certain symptoms and signs are present. *See* 20 C.F.R. Part 404, Subpart P, Appendix Listing of Impairments § 12.04 (1978); 20 C.F.R. § 404.1506 (1978). Plaintiff does not seriously contend that the evidence offered here demonstrated the requisite level of severity for this particular disorder. Indeed, the information supplied by Dr. Hirsh on the supplemental questionnaire specifically negates several of the required symptoms and signs. Record at 251–52. Although on remand that modified finding by the Secretary would "trigger" the vocational expert's opinion that plaintiff needed psychotherapy before she could resume even sedentary work, plaintiff concedes in her brief that the vocational expert was not qualified to offer such an opinion on the basis of Dr. Hirsh's report. Plaintiff's Brief (Document No. 12) at 26. In short, a remand would afford plaintiff no realistic possibility of altering the Secretary's decision on her entitlement to benefits, and I am therefore reluctant to lengthen the already considerable period of time consumed in resolving plaintiff's claim.

■ Nor is a remand necessitated by the ALJ's puzzling comment that "[plaintiff's] heart condition is only supported by her testimony that she had to go the hospital twice because of pain." Record at 105. In making this statement, the ALJ may well have overlooked some medical evidence of a heart condition, such as a 1974 hospital discharge summary that gave primary diagnoses of coronary artery disease and allergic gastro-enteritis. *Id*. 171. On the other hand, the ALJ may have been focusing on plaintiff's belief that she had a *disabling* heart condition. This interpretation is suggested by one of his specific findings: "[Plaintiff] has an unfounded apprehension of having a disabling cardio vascular impairment." *Id*. 106. Thus, the statement quoted above was perhaps addressed to the lack of medical evidence of a disabling heart condition. In either event, though, plaintiff does not seriously contend that the evidence here demonstrated the existence of a "conventional" heart condition (as opposed to psychophysiological cardiovascular disorder) that was so severe as to be disabling. Plaintiff's Brief (Document No. 12) at 18–19. Rather, she argues (as noted earlier) that she is disabled by psychophysiological cardiovascular disorder, which encompasses both emotional problems and cardiovascular problems.[2] It follows that the ALJ's failure to carefully isolate the evidence regarding the more conventional sort of heart condition was harmless error, and that a remand would again serve little or no purpose.

---

**2.** With respect to psychophysiological disorders in general, the Secretary's Listing of Impairments states: "In these disorders, the normal [physio]logical expression of emotions is exaggerated by chronic emotional tensions, eventually leading to a disruption of the autonomic regulatory system, resulting in various visceral disorders. If the condition persists, it may lead to demonstrable structural changes (e.g., peptic ulcer, bronchial asthma, dermatitis)." 20 C.F.R. Part 404, Subpart P., Appendix Listing of Impairments, § 12.00, Introduction at 350 (1978).

**402**

In short, although the administrative decision was not free from error, I am persuaded that the Secretary's critical finding—the finding that plaintiff is not under a disability—is supported by substantial evidence. While a remand would allow the Secretary to correct the problems discussed earlier, it seems clear that the critical finding would remain unchanged, and that it would still be supported by substantial evidence. Under these circumstances, rather than remanding the claim for further proceedings, I shall grant the Secretary's motion for summary judgment.