**Mearl L. LEE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 85–CV–70020–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 3, 1985.

 

Jack A. Nolish, Meklir, Schreier & Nol-·ish, Southfield, Mich., for plaintiff.·

Ross I. Mackenzie, Asst. U.S. Atty., Detroit, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

I have reviewed the record and Magistrate Binder's Report and Recommendation in this case. Although I have decided to accept the Magistrate's Report and Recommendation, the recent decision of *Farris v. Secretary of Health and Human Services,* 773 F.2d 85 (6th Cir.1985), requires that I add to the Magistrate's analysis.

In *Farris,* a panel of the Sixth Circuit limited the operation of the severity regulation, 20 C.F.R. § 416.921 (1985), by ruling that an impairment is not severe "only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.' " *Farris, supra,* at 89 (*quoting Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)). In the case now before me, the ALJ did not apply the "slight abnormality" standard of severity, but rather the literal standard of the regulation, finding that the claimant suffered from no impairment or combination of impairments that "significantly limit her ability to perform basic work-related activities...." (TR 12). Although I find that the record contains substantial evidence to support this finding of the ALJ, the *Farris* severity standard prevents me from entering judgment for the Secretary on the sole basis of this fact.

Because the ALJ applied an improper standard of severity, I must decide whether to remand the case to the Secretary for additional findings, or to decide the case myself on the parties' cross motions for summary judgment. Under 42 U.S. C.A. § 405(g) (West 1983), I have the power to do either:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

Cf. *Guy v. Schweiker*, 532 F.Supp. 493, 498 n. 1 (S.D.Ohio 1982) (where the ALJ applied an improper legal standard, remand to the Secretary lies within the discretion of the court); *Bailey v. Secretary of H.E.W.*, 472 F.Supp. 399, 401 (E.D.Pa.1979) (remand to the Secretary not required where "remand would afford the plaintiff no realistic possibility of altering the Secretary's decision" because the record contained substantial evidence to support denial of disability on grounds other than the incorrect grounds relied upon by the ALJ).

In the instant case, as in *Bailey*, remand would accomplish nothing but the unnecessary waste of already scarce administrative and judicial time. Although the plaintiff herself testified to impairments that would preclude her return to work, the ALJ was justified in discounting this testimony because of a lack of supporting medical and clinical evidence. (TR 11–12). Without such medical and clinical evidence to support her testimony, the plaintiff fails to make out her prima facie case of inability to perform her usual work. *Cf. Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980) ("Convincing proof, consisting of lay testimony supported by clinical studies and medical evidence, that pain occasions a claimant's inability to perform his or her usual work is sufficient to make a prima facie case."). Of course, since the plaintiff failed to make out a prima facie case, she also failed to carry her burden of persuading the trier of fact that she suffers from a disability which prevents her from performing any substantial gainful employment. *Cf. Allen*, 613 F.2d at 145 (plaintiff bears burden of proving a disability preventing her pursuit of gainful employment).

Even assuming that the plaintiff established a prima facie case, the record contains substantial evidence upon which the ALJ could base a conclusion that the plaintiff is not disabled because she is able to perform work, other than her usual work, available in the national economy. The plaintiff is of advanced age (being 58 years old at the time of hearing), possesses a limited education, and possesses skills transferable into available light work jobs. (TR 25, 50–57). Light work requires the ability to lift up to 20 pounds, and the ability to lift or carry up to 10 pounds frequently. *See* 20 C.F.R. § 404.1567(b) (1985). The record contains substantial evidence to support a finding that the plaintiff is able to perform light work. Using these factors, the Medical-Vocational Guidelines (Rule 202.03) dictate a finding of "not disabled." *See* 20 C.F.R. § 404, Subpart P, Appendix 2 (1985).

The words of *Bailey*, 472 F.Supp. at 402, provide a fitting summary:

In short, although the administrative decision was not free from error, I am persuaded that the Secretary's critical finding—the finding that plaintiff is not under a disability—is supported by substantial evidence. While a remand would allow the Secretary to correct the problems discussed earlier, it seems clear that the critical finding would remain unchanged, and that it would still be supported by substantial evidence. Under these circumstances, rather than remanding the claim for further proceedings, I shall grant the Secretary's motion for summary judgment.

Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, and the Secretary's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.