Theodore CAPOFERRI

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare.**

Civ. A. No. 79–2930.

United States District Court, E. D. Pennsylvania.

July 14, 1980.

---

Allan B. Greenwood, Phoenixville, Pa., for plaintiff.

Alexander Ewing, Jr., Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

In this action, filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), plaintiff, Theodore Capoferri, seeks review of the final decision of defendant, Secretary of Health, Education and Welfare ("Secretary") denying his claim for a period of disability and disability insurance benefits. Defendant has moved for summary judgment. Plaintiff has filed a motion for remand for the taking of additional evidence. The issues before the court are (1) whether there is substantial evidence to support the Secretary's final decision, and (2) whether plaintiff has established "good cause" for remand.

For the reasons set forth below, the court grants defendant's motion for summary judgment and denies plaintiff's motion for remand.

Plaintiff, a fifty-nine year old man, filed an application for disability benefits on April 24, 1978, alleging that he has been disabled since December 1, 1973. Having last met the earnings requirement for purposes of entitlement to disability benefits in September, 1974, the relevant period of alleged disability is December 1, 1973, to September 30, 1974, when plaintiff was approximately fifty-three years old. Initially, plaintiff's claim was denied, and again, on reconsideration by the Pennsylvania state agency. He thereafter requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on April 10, 1979. Plaintiff appeared at the hearing, accompanied by his wife and represented by counsel.

The ALJ entered an opinion on April 27, 1979, finding that plaintiff was not disabled. This became the final decision of the Secretary when the Appeals Council refused plaintiff's request for review of the administrative hearing decision.

During the period in question, plaintiff was fifty-three years old. He had a ninth-grade education and was employed as a house painter from 1943, when he was discharged from the Army, until 1973. In that last five-year period, 1968–1973, plaintiff was self-employed because he felt unable to work fulltime for contractors.

The medical evidence may be briefly summarized as follows:

Between 1966 and 1968, plaintiff was treated for a cervical arthritis condition by Dr. W. Glocher. This medical condition was improved through traction and use of the drug Butazolidin. In a medical report dated September 21, 1971, Dr. N. Hauser, a radiologist, stated that x-rays of plaintiff showed marked right rotary scoliosis of the lumbar spine and evidence of degenerative disc disease. On October 6, 1971, Dr. Robert J. Byrne reported that a recent examination of plaintiff had indicated a range of motion of the lumbar spine limited to 50% of normal, an ability to bend forward to within eight to ten inches of the floor, and hyperextension limited to 30% to 40% of normal. Plaintiff acknowledged in the medical history that he had always had curvature of the back and had long had discomfort in that area. His right leg was noted to be ¾ inch shorter than his left leg. Dr. Byrne's prognosis was that the scoliosis was permanent and the disc problem was progressive.

There was no further medical evidence until 1978. In April of that year, plaintiff was hospitalized for severe low back pain. Dr. Elliot Menkowitz, an orthopedic surgeon, noted that plaintiff had a long history

of back problems with no specific injury. X–rays showed degenerative arthritis. A myelogram was negative except for spondylitic ridging. The diagnosis was made of left inguinal hernia and scoliosis. Plaintiff was treated for his condition and discharged in improved condition, with a prescription for the medicines Tylenol and Nalfon.

Plaintiff contends that his condition of right rotary scoliosis and degenerative disc disease rendered him disabled beginning December 1, 1973, and that the adverse finding of the Secretary was not based on substantial evidence, the ALJ conducted his hearing in a prejudicial manner, and additional evidence in the form of five sworn statements (one from the Montgomery County Clerk of Court, three from former employers, and one from Dr. Elliot Menkowitz) warrants a remand.

█ Section 205(g) of the Social Security Act provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. 405(g). Judicial review of the Secretary's factual determinations is limited solely to ascertaining whether they are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and if so, the Secretary's decision must be affirmed even though the record may also support a contrary conclusion. *DeNafo v. Finch*, 436 F.2d 737 (3d Cir. 1971). However, the reviewing court has a duty to make a searching investigation of the record in order to determine whether the Secretary's decision is supported by substantial evidence and whether it was made in accordance with the proper legal standards. *Gold v. Secretary of Health, Education & Welfare*, 463 F.2d 38 (2d Cir. 1972). *See also Lincovich v. Secretary of Health, Education & Welfare*, 403 F.Supp. 1307 (E.D.Pa.1975). The Supreme Court has characterized substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427.

In this case, the definition of disability as contained in the Social Security Act provides the correct legal standard. 42 U.S.C. § 423 (1976) reads, in pertinent part:

(d)(1) The term "disability" means–

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

. . . .

(B) . . .

(2) For purposes of paragraph (1)(A)–

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

(B) . . .

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(4) The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity. Notwithstanding the provisions of paragraph (2), an individual whose services or earnings meet such cri-

teria shall, except for purposes of section 422(c) of this title, be found not to be disabled.

(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

■ It should be noted that the presence of a disease does not establish disability within the Act. The applicant must also present evidence that his impairment rendered him unable to engage in any substantial gainful employment before the expiration of his insured status. *Gardner v. Richardson*, 383 F.Supp. 1, 4 (E.D.Pa.1974). Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act. *Capaldi v. Weinberger*, 391 F.Supp. 502, 503 (E.D.Pa.1975). The claimant bears the burden of proof in establishing disability within the meaning of the Social Security Act, § 223(d)(5), 42 U.S.C. § 423(d)(5). *Harkin v. Califano*, 453 F.Supp. 29 (E.D.Pa.1978). Once a claimant meets his burden to show that he cannot return to his former occupation, the burden shifts to the Secretary to show that the claimant, given his age, education, and work experience, has the capacity to perform specific jobs which exist in the national economy. However, the burden is not on the Secretary to make a showing of nondisability.

In the present case, after reviewing the medical exhibits, the hearing testimony, and plaintiff's subjective complaints, the ALJ concluded:

The claimant has failed to establish that during the period of time from December 1, 1973 through September 30, 1974 he had any medical condition or combination of conditions that satisfactorily prevented him from engaging in all forms of sedentary work activity. The claimant's principal medically determinable impairment during such period of time consisted of scoliosis. However, the evidence fails to show that this condition resulted in any significant limitation of range of motion or neurological deficits.

In evaluating plaintiff's claim, the ALJ proceeded under the Secretary's new regulations which became effective February 26, 1979, 20 C.F.R. §§ 404.1501–404.1539 (1979). The regulations specify a sequential evaluation of disability. 20 C.F.R. § 404.1503. When, as in this case, an ALJ concludes that the record does not justify a finding of disability based on medical considerations alone, and determines that an individual cannot perform past relevant work due to a severe impairment, an ALJ must evaluate the individual's residual functional capacity and vocational capabilities for alternate work, including age, education, work experience, and transferable work skills.

Based on the entire record in this case, the ALJ made the following findings of fact in determining the plaintiff's profile corresponded to Rule 201.11, Table No. 1, Appendix 2, Subpart P of Social Security Regulations No. 4:

2. The medical evidence establishes that during the period of time from December 1, 1973 through September 30, 1974 the claimant's principal medically determinable impairment was scoliosis.

3. The claimant had no other significant physical, mental or emotional impairment or impairments during the period of time from December 1, 1973 through September 30, 1974.

4. The complaints made by the claimant of disabling [sic] pain in various parts of his body and restriction of body and/or extremity movements during the period of time from December 1, 1973 through September 30, 1974 are not credible when viewed in light of all the evidence of record in this case.

5. The claimant was unable to perform his former job as a house painter during the period of time from December 1, 1973 through September 30, 1974.

6. The claimant had the residual functional capacity for sedentary work as defined by section 404.1510(b) of Social Security Regulations No. 4 during the period of time from December 1, 1973 through September 30, 1974.

7. The claimant was 53 years old which is defined as "closely approaching advanced age," at all times relevant herein.

8. The claimant completed nine years of schooling which is defined as "Limited education", at all times relevant herein.

9. The work that the claimant performed in the past was semi–skilled work.

10. The work that the claimant performed in the past imparted to him skills that were transferable to jobs other than those that he previously did, at all times relevant herein.

Section 404.1513 provides that when an individual's profile exactly matches the criteria set forth in the Table, the result directed therein is binding on the ALJ. Rule 201.11 directed a finding of "Not Disabled." The regulations and the tables contained in Subpart P, were adopted "to consolidate and elaborate upon long–standing medical–vocational evaluation policies for adjudicating disability claims in which an individual's age, education, and work experience must be considered in addition to the medical condition." *See*, 43 Fed.Reg. 55349 (1978). Plaintiff challenges neither the validity nor the applicability of these regulations. Rather, he disputes the Secretary's finding that he has the capacity to perform sedentary work.

 Sedentary work is work which involves lifting a maximum of 10 pounds, and occasionally lifting or carrying articles such as files or small tools, and occasionally walking and standing. 20 C.F.R. § 404.1510 (1979). In finding plaintiff capable of sedentary work, the ALJ specifically considered plaintiff's subjective complaints, including pain. In this Circuit, the ALJ is required to consider carefully such allegations, especially pain, because pain, either by itself or in conjunction with other medical problems, may be the basis for a finding of disability. *Bittel v. Richardson*, 441 F.2d 1193 (3d Cir. 1971); *Harkin v. Califano, supra.* Here, the ALJ did acknowledge plaintiff's subjective symptoms, evaluated them in light of the medical evidence, point-

ed to the lack of significant restriction of motion in plaintiff's torso and extremities, and noted that plaintiff did not take "any potent palliatives or analgesics" for his pain. He commented, "The claimant's testimony as to his daily activities and the ability to perform such significant functions as lifting, sitting, and bending, shows that whatever pain he did have was not of such constancy and/or intensity that he did not retain reasonable physical capacities." Thus, the ALJ found plaintiff's allegations of disabling pain unpersuasive. The decision whether plaintiff's pain prevents him from engaging in substantial gainful activity is the prerogative of the ALJ. *Davis v. Califano*, 439 F.Supp. 94 (E.D.Pa.1977). While the ALJ must consider subjective symptoms, where he affirmatively addresses the issue in his decision, specifies his reasons for rejecting them, and where his conclusion is supported by the record, he is deemed to have discretion to reject a claim of disabling pain. *Baerga v. Richardson*, 500 F.2d 309 (3d Cir. 1974); *Torelli v. Weinberger*, 423 F.Supp. 606 (E.D.Pa.1976).

 Therefore, this court concludes that the Secretary's decision that plaintiff was not disabled within the meaning of the Act between December 1, 1973 and September 30, 1974, was based on substantial evidence. Since, "it is clear that it is only the plaintiff's actual ability to do any type of work, not just his prior job, that finally determines whether or not he can be considered disabled," *Forte v. Matthews*, 427 F.Supp. 187, 190 (E.D.Pa.1977), and since plaintiff was found capable of sedentary work, plaintiff was not "disabled" within the meaning of the Act. The ALJ's Findings of Fact were sufficiently supported by the record as a whole and his application of the regulations to the facts was proper.

Having found that there is substantial evidence to support the Secretary's decision, the next issue for consideration is whether remand is warranted. Plaintiff's motion is based on two arguments. First, plaintiff contends that he was unfairly prejudiced in the presentation of his case by the hostile attitude of the ALJ. Second, plaintiff as-

serts that he has additional evidence in support of his alleged disability. These arguments will be addressed separately.

According to section 205(g) of the Act, 42 U.S.C. § 405(g), in order for remand to be granted, plaintiff must show "good cause." In situations where a claimant was not represented by counsel at his hearing, a showing of clear prejudice or unfairness at the hearing can support a motion for remand. *Domozik v. Cohen*, 413 F.2d 5, 9 (3d Cir. 1969). In the instant case, not only was plaintiff represented by counsel, but the record shows that the ALJ afforded counsel the full opportunity to question witnesses and present evidence. The ALJ also conducted a thorough examination himself.

Plaintiff claims that the atmosphere created by the ALJ made him feel "degraded and humiliated," "bullied and harassed," and caused him to make "detrimentally inaccurate statements" injurious to his case. Plaintiff alleges prejudice accruing from the ALJ demonstrating insensitivity to his lack of education, by twisting his oral testimony, and by failing to appreciate the gradual nature of his deteriorating condition. These contentions are without merit. A thorough reading of the transcript reveals that the ALJ conducted a painstaking inquiry to explore plaintiff's subjective symptomatology and to pinpoint the onset date. While there may be instances in which a searching examination may be considered to be unduly harassing, this is not one of them. A failure by the ALJ to have pursued plaintiff's allegations of disability would have been a dereliction of his duty to develop the record fully and fairly. While it may be assumed that plaintiff was apprehensive about the hearing in general, the manner in which the ALJ conducted the hearing is equally amenable to the explanation that he was attempting to elicit necessary information from a less than articulate witness.

Further, the court observes that plaintiff's attorney was permitted ample opportunity to examine his client. The record shows that he was given wide latitude in questioning witnesses, in responding to the ALJ's queries, and in clarifying plaintiff's responses in instances where his testimony was unclear. While plaintiff may well have found this to be an intimidating experience, the court finds that the transcript fails to show abusive or demeaning conduct on the part of the ALJ in accomplishing the objective of assessing the extent of plaintiff's subjective complaints which formed a significant part of his application for benefits.

In order to justify remand of a disability case for the taking of additional evidence, the claimant must show that the new evidence he intends to develop is not merely cumulative and also that, if the new evidence were made a part of the record, the decision might be different. *Strayhorn v. Califano*, 470 F.Supp. 1293 (E.D.Ark. 1979). "Good cause" for an order to remand a case to the Secretary consists of more than "new evidence;" it must also be relevant and probative, and plaintiff must show that its absence resulted in unfairness. *Cf. Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3d Cir. 1974).

Plaintiff proffers five affidavits in support of his motion for remand. Four of them, three from employers and one from the Montgomery County Clerk of Court, are nearly identical and merely corroborate testimony already in the record, namely that plaintiff was incapable of returning to work as a housepainter in 1973. This proposition has already been accepted by the Secretary as fact.

The fifth affidavit, that of Dr. Menkowitz, similarly does not amount to good cause for remand, but for different reasons. Dr. Menkowitz opines that, based on the medical reports of Drs. Byrne and Hauser of 1971, which were of record before the Secretary below, and his treatment of plaintiff in 1978, in his medical opinion plaintiff was unable to engage in gainful employment during 1973–1974 and thereafter. First, it cannot be said that his statement, standing alone, would be sufficient to alter the conclusion of the Secretary. Second, even though his opinion as a medical expert is entitled to great weight, it would not be binding on the Secretary.

The applicable regulation is 20 C.F.R. § 404.1526:

> The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, "disabled" ... or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's conclusory statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments.

In this instance, Dr. Menkowitz's opinion is based on medical reports from 1971 which the Secretary expressly considered in reaching the factual determination that plaintiff's condition did not meet the requirements contained in the regulations which specify the nature of the medical evidence justifying a finding of disability on medical grounds alone. "Because only the ALJ can make factual determinations the case law in this regard has firmly established that a medical opinion does not conclusively determine disability as a fact." *Good v. Weinberger*, 389 F.Supp. 350, 355 (W.D.Pa.1975).

Essentially, therefore, the doctor's opinion is simply a conclusion on the ultimate issue of disability, which in this case revolves around an evaluation of subjective symptomatology. Dr. Menkowitz provides no objective medical evidence not considered by the ALJ. As fully explained above in regard to the substantial evidence test, it is the Secretary's duty to determine whether plaintiff's subjective complaints rise to the level of disabling severity. The law of this Circuit is clear that an ALJ must consider such complaints since, "although unaccompanied by objective medical data, [they] may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof." *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971). It is equally clear that the ALJ has the prerogative to reject such allegations in their entirety, as long as he explicitly states his reasons for doing so. *Baerga v. Richardson*, 500 F.2d 309 (3d Cir. 1974); *Torelli v. Weinberger*, 423 F.Supp. 606 (E.D. Pa.1976); *Good v. Weinberger*, 389 F.Supp. 350 (W.D.Pa.1975). The ALJ has fulfilled this requirement.

The scope of review precludes this court from substituting its judgment for that of the Secretary, where, as here, the decision of the Secretary is supported by the record as a whole.

Since there is no basis for the finding that the additional evidence would alter the Secretary's decision, and there is insufficient evidence of prejudice in the conduct of the hearing, the plaintiff's motion for remand must be denied.

### ORDER

AND NOW, this 14th day of July, 1980, it is hereby ORDERED that plaintiff's Motion for Remand is DENIED and defendant's Motion for Summary Judgment is GRANTED.