762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAWRENCE M. ALLISON, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5281
 United States Court of Appeals, Sixth Circuit.
 3/21/85
 
 BEFORE: MARTIN and JONES, Circuit Judges; and PECK, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Lawrence M. Allison, appeals from the denial of Social Security disability benefits by the Secretary of Health and Human Services (the Secretary). Allison primarily complains that the hearing before the Administrative Law Judge (ALJ) who considered his claim did not satisfy due process. Upon consideration of Allison's contentions on appeal, we affirm the Secretary.
 
 
 2
 Judicial review of the Secretary's factual findings in a denial of Social Security disability benefits is limited to a determination of whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied 103 S.Ct. 2428 (1983). 'Substantial evidence means more than a mere scintilla of evidence. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983) (citing Richardson v. Perales, 402 U.S. 389, 401 and Kirk, 667 F.2d at 535). The determination of whether evidence is substantial must be based on the record as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 3
 To establish entitlement to Social Security disability benefits, the claimant bears the burden of establishing that he or she became unable to engage in substantial gainful activity by reason of a physical or medical impairment, the existence of which is demonstrated by medically acceptable clinical and laboratory diagnostic findings. Ragan v. Finch, 435 F.2d 239, 241 (6th Cir. 1970) (Per Curiam), cert. denied, 402 U.S. 986 (1971); Allen v. Califano, 613 F.2d at 145; 42 U.S.C. Sec. 423(d)(1)(A), (d)(3). A disability must have existed during the time Allison was insured within the meaning of the insured status requirements of the Social Security Act. 42 U.S.C. Secs. 416(i)(3) and 423(c)(1). 'If a claimant becomes disabled after he has lost insured status, his claim must be denied despite his disability.' Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir.), cert. denied 444 U.S. 952 (1979) (emphasis in original). Furthermore, a medical condition which begins during the insured period, but does not become disabling until after the expiration of that period, may not be the basis for allowing disability benefits. Capoferri v. Harris, 501 F. Supp. 32, 36 (D.C. Pa. 1980), aff'd, 649 F.2d 858 (3d Cir. 1981).
 
 
 4
 Allison's insured status ended when he last met the special earnings requirement of the Social Security Act on September 30, 1978. The medical evidence of record reveals primarily normal test results, and no evidence, other than Allison's testimony, that supports a finding of severe, disabling condition before March of 1979. Based on this record, the ALJ found that Allison was not disabled on or before the date he last had insured status. Allison's subsequent disability due to kidney disease does not undermine the ALJ's finding. Substantial evidence in the record supports the decision to deny plaintiff disability benefits.
 
 
 5
 Allison contends that the ALJ unfairly conducted his disability hearing, at which he was not represented by counsel. The lack of counsel representing a claimant does not in itself require reversal. Holden v. Califano, 641 F.2d 405, 408 (6th Cir. 1981). When the claimant is unrepresented by counsel, however, the ALJ has a special duty to develop a full and fair record. Lashley, 708 F.2d at 1051-52.
 
 
 6
 To satisfy this special duty the administrative law judge must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'
 
 
 7
 Id. at 1052 (citing Gold v. Secretary of Health, Education, and Welfare, 463 F.2d 38, 43 (2d Cir. 1972)). This duty is only limited by the ALJ's responsibility not to assume the partisan role of counsel for either the claimant or the Secretary. Richardson v. Perales, 402 U.S. 389, 411 (1971); Lashley, 708 F.2d at 1051. This Court's determination of whether an ALJ satisfied this special duty is made on a case by case basis after close scrutiny of the record. Id. at 1052.
 
 
 8
 A relevant consideration is that Allison completed three years of college and has a degree in electronics from the Air Force. Examination of the hearing transcript confirms that he is not the inarticulate plaintiff with limited intelligence of the sort the Court was concerned with in Lashley. Id. The ALJ stated three separate times, before he administered the oath to Allison, that he had a right to be represented.
 
 
 9
 Allison alleges that the ALJ failed to obtain all medical records, seek consultive examinations, or hold the record open so that Allison could provide further medical evidence. Allison, however, has never sought to reopen his claim on the basis of new evidence, and does not now point to medical reports which were available but were not part of the record. A consultive examination at the time of the hearing in 1983 would have been unlikely to determine whether Allison's kidney condition, which was first documented in 1979, was disabling in 1978. The ALJ did not unfairly fail to develop medical evidence of Allison's disability.
 
 
 10
 The ALJ was aware that the Veteran's Administration (VA) had granted Allison disability benefits on the basis of kidney disease. Allison maintains that the ALJ should have inquired more fully into the VA's determination, sought the medical reports upon which it was based, and weighed this evidence in his opinion. Allison's kidney desease was first documented in March of 1979, and the VA disability determination occurred subsequently. Allison does not even now allege that his kidney disease was disabling before September 30, 1978.
 
 
 11
 Finally, Allison argues that the ALJ failed to make full inquiry into the extent of his pain. Allison's detailed explanation in 1980 of how his condition prevented him from working, did not include any mention of pain as a disabling condition. Allison did list pain among his conditions two years later, but attributed that pain to taking prednisone, which was prescribed after the discovery of his kidney condition in 1979. He did not allege that disabling pain was present prior to September 1978, the period at issue. At the evidentiary hearing, the ALJ inquired fully into every impairment Allison alleged was disabling. Allison had every chance to allege pain in connection with these impairments while he was testifying. More importantly, allegations of pain must be attributable to some underlying medical cause. 42 U.S.C. Sec. 423(d)(3); Allen v. Califano, 613 F.2d at 145. The medical exhibits of record do not support a finding of disabling pain prior to September 30, 1978. Even had the ALJ elicited assertions of pain, such unsupported assertions could not have been the basis for granting Allison disability benefits.
 
 
 12
 In light of Allison's education and intelligence, and Allison's failure to do more than assert that greater diligence by the ALJ would have revealed additional medical evidence, we cannot find that Allison received an unfair hearing.
 
 
 13
 We AFFIRM the Secretary's final determination that Allison was not disabled during his period of insured status.