**Ramonita CRUZ**

v.

**Donna E. SHALALA, Secretary of Health and Human Services.**

Civ. A. No. 92–3054.

United States District Court, E.D. Pennsylvania.

March 22, 1993.

Denise G. Ryan, Bethlehem, PA, for plaintiff.

Dorothea J. Lundelius, Sp. Asst. U.S. Atty., Philadelphia, PA, for defendant.

## MEMORANDUM

KATZ, District Judge.

Plaintiff, Ramonita Cruz ("Cruz"), brings this action under 42 U.S.C. § 405(g), seeking a review of the final decision of the Secretary of Health and Human Services (the "Secretary"), who concluded that Cruz was not disabled under the Social Security regulations and therefore, not entitled to receive supplemental security income ("SSI"). For the following reasons, this court finds that Plaintiff should be granted benefits. Therefore, her motion for summary judgment shall be granted and the decision of the Secretary reversed. The matter will be remanded to the Secretary for the calculation and payment of benefits.

Cruz filed her application for SSI on June 20, 1990, alleging that her impairment ("diabetes, etc.") began June 1, 1990. See Record at p. 45–57. On June 20, 1990, Cruz also filed a disability report which indicated that her condition (an abdominal cyst, diabetes, and back trouble) made her stop working in January 1990. See Record at p. 69–82. Her application was denied at both the initial and reconsideration levels and she requested an administrative hearing. See Record at p. 58–60, 63–68. Cruz, represented by counsel, attended a hearing on February 11, 1991, at which she testified through an interpreter. See Record at p. 24–44.

On May 31, 1991, an administrative law judge issued a decision finding that Cruz suffered from severe residuals of surgery for a herniated disc and diabetes mellitus. See Record at p. 15, Finding of Fact 2. The administrative law judge found that since December 18, 1990, Cruz had the residual functional capacity to perform light work. See Record at p. 15, Finding of Fact 4. The administrative law judge also found that Cruz could not perform her past relevant work but used the medical-vocational guidelines (the "grid") of 20 C.F.R. pt. 404, subpt. P, App. 2, §§ 200.00–204.00 to find that there are a significant number of light jobs in existence that Cruz could perform despite her limitations. See Record at p. 15, Findings of Fact 5, 9. The administrative law judge found that Cruz failed to establish that her impairments prevented her from performing substantial gainful activity for twelve consecutive months. See Record at p. 16, Finding of Fact 10. Therefore, the administrative law judge determined that Cruz was not under a disability as defined by the Social Security Act. See Record at p. 11–16.

Cruz requested that the Appeals Council review the administrative law judge's decision and submitted medical reports reflecting treatment Cruz received after September 1991, i.e., medical treatment rendered more than three months after the administrative law judge's decision. See Record at p. 7–9. The Appeals Council subsequently denied Cruz's request for review, see Record at pp. 2–3, making the administrative law judge's May 31, 1991, decision the final decision of the Secretary in this case. It is this decision that is before this court for review.

## I. FACTS

Cruz was born on April 16, 1953, in Puerto Rico. See Record at p. 45–46. She is a

Spanish-speaking individual, who can read and write in Spanish but not in English. *See* Record at p. 24, 26, 29. She completed the ninth grade in Puerto Rico and then came to the United States in 1970. *See* Record at p. 28–29. Cruz last worked as a housekeeper, cleaning rooms at a hotel in Atlantic City in 1989.[1] *See* Record at p. 31–33, 73–74. Cruz left her housekeeping job because she moved from Atlantic City to Bethlehem, Pennsylvania. *See* Record at p. 36.

Cruz alleges disability since January 1990 or June 1, 1990 as a result of a back problem, non-insulin dependent. diabetes and a cyst. *See* Record at p. 46, 69. There is some discrepancy over this date as she indicated on her SSI application form that her impairment began June 1, 1990 and Cruz indicated on her disability report that she stopped working because of her impairment in January 1990. *See* Record at p. 46, 69.

Cruz received the bulk of her medical care at St. Luke's Hospital's clinics where Mezena Bienier, M.D., was her treating physician. *See* Record at p. 105–35. Cruz complained of low back pain during her June and July 1990 visits to St. Luke's. *See* Record at p. 109, 124–25, 148. At her July 1990 examination, Dr. Bienier noted that Cruz still had lower back pain and was not attending her physical therapy and that she had an appointment to see Susan R. Hemley, M.D., a neurological surgeon. *See* Record at p. 125.

Dr. Hemley examined Cruz for the first time on August 8, 1990. *See* Record at p. 136–37. Dr. Hemley noted that Cruz was walking with a limp favoring the left and complaining of pain on the slightest flexion and extension of her back. *See* Record at p. 136. Cruz could heel-toe walk and there was no numbness or tingling in her extremities but there was considerable tenderness in her spine. *See* Record at p. 136. A CT scan revealed a herniated lumbosacral disc. *See* Record at p. 136. Dr. Hemley recommended that Cruz participate in physical therapy and take muscle relaxant and anti-inflammatory medications. *See* Record at p. 136.

On August 17, 1990, Dr. Bienier completed a certification for Cruz. *See* Record at p.

184. Dr. Bienier reported that Cruz was being treated for low back pain with a central disc herniation. *See* Record at p. 184. She indicated that treatment began at St. Luke's on March 23, 1990. *See* Record at p. 184. She suggested that Cruz's condition would prevent her from working at least as of July 8, 1990 because she could not lift heavy objects. *See* Record at p. 184. Dr. Bienier reported that Cruz's prognosis for return to work depended upon the neurosurgeon's assessment of her condition. *See* Record at p. 184.

When Cruz was examined at St. Luke's medical clinic on August 31, 1990, she reported that she was feeling better with physical therapy, but Dr. Bienier acknowledged that if Cruz did not continue to improve surgery had been proposed. *See* Record at p. 148. Dr. Bienier diagnosed Cruz as having a herniated disc which was improving with physical therapy and medication. *See* Record at p. 148.

Cruz indicated in an October 2, 1990, report that the medications she was taking were Naprosyn, Advil and Methocarbonal prescribed by Dr. Hemley, Micronise for her diabetes that was prescribed by Dr. Bienier and Extra–Strength Tylenol and Motrin which Cruz apparently was taking on her own. *See* Record at p. 84. An October 11, 1990, MRI of Cruz's spine revealed herniated disc material centrally and on the left in the lumbosacral spine. *See* Record at p. 178.

On October 18, 1990, Dr. Hemley reported that Cruz was experiencing no relief from low back and left buttock pain which radiates into her left lower extremity with decreased ankle jerk. *See* Record at p. 177. Since Cruz was not experiencing any improvement with rest and physical therapy, she chose to have back surgery. *See* Record at p. 177.

Cruz was admitted to St. Luke's to have her back surgery. *See* Record at p. 139–44, 189–92. Upon admission, Cruz's examination was essentially normal except for a limited range of motion in her back, spinal tenderness and decreased sensation in her left lower extremity. *See* Record at p. 144. Dr.

---

1. The administrative law judge indicated that her work as a housekeeper would be classified as a medium exertional job under 20 C.F.R. § 416.-067(c).

Hemley performed a laminectomy and discectomy on November 8, 1990. *See* Record at p. 139, 189–92. Cruz remained hospitalized for four days. *See* Record at p. 39.

In a November 15, 1990, letter to the St. Luke's clinic, Dr. Hemley reported that one week following Cruz's laminectomy her incision was well healed, she had little back pain and no leg pain. *See* Record at p. 176. Dr. Hemley recommended that Cruz continue to rest, but gradually increase her walking and begin physical therapy in three weeks. *See* Record at p. 176. In a December 18, 1990, letter to St. Luke's clinic, approximately six weeks after Cruz's surgery, Dr. Hemley reported that Cruz was doing well and was moving well. *See* Record at p. 175. Cruz did complain of pain because she was doing all the work around the house and watching her two-year-old grandson. *See* Record at p. 175. In her letter, Dr. Hemley noted that "I realize there is not much she can do about the situation but I did encourage her to lie down for even 10 to 15 minutes every two to three hours with her grandson playing near her. I talked to her about trying very hard not to injure herself since she is so close to surgery in particular. She did seem to listen and I hope she will be able to manage this." *See* Record at p. 175.

Dr. Bienier reported that during a January 18, 1991, examination at St. Luke's, Cruz did not have any back pain anymore. *See* Record at p. 146. Cruz reported that she felt fine and was going to physical therapy three times a week, but she did complain of fatigue and weight loss. *See* Record at p. 146.

At her February 1991 hearing, Cruz testified that as of the date of the hearing before the Administrative Law Judge, the most she had walked was two blocks, she could sit only one half hour or one hour, she tires after taking stairs. *See* Record at p. 40. Furthermore, Cruz stated that she saw Dr. Hemley only one week prior to the hearing and it was the doctor's instructions that Cruz rest and take Advil for the pain. *See* Record at p. 40. During Cruz's testimony, Cruz also indicated that on February 11, 1991, one week prior to the hearing, Dr. Hemley still had not released Cruz to return to work. *See* Record at p. 41.

Subsequent to the administrative law judge's decision Cruz submitted medical notes covering two office visits with Vincent D. Stravino, M.D. *See* Record at p. 5. Cruz was examined by Dr. Stravino on September 19, 1991. *See* Record at p. 5. Dr. Stravino reported that Cruz was complaining of increased low back pain and had decreased range of motion with tenderness in her lumbosacral spine. *See* Record at p. 5. After an October 10, 1991, examination, Dr. Stravino noted that Cruz walks only with discomfort and that she wears a back brace at home. *See* Record at p. 5. His notes further indicate that Cruz was generally uncomfortable and had a limited ability to function. *See* Record at p. 5. He suggested that Cruz continue her exercises and take Advil for her pain. *See* Record at p. 5.

## II. DISCUSSION

This court reviews the Secretary's decision to determine whether there is substantial evidence in the record to support the Secretary's decision. 42 U.S.C. § 405(g). The Secretary's finding regarding any fact is conclusive if it is supported by substantial evidence. *Id.; Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1421, 28 L.Ed.2d 842 (1971). The phrase "supported by substantial evidence" means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Perales,* 402 U.S. at 401, 91 S.Ct. at 1427 (citation omitted).

The Social Security Act requires that to be eligible for disability benefits a claimant must have medically determinable impairments which are of such severity that she cannot, considering her age, education, and work experience, engage in any kind of substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Such a disability must have lasted or be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505. Disability is not determined merely by the presence of impairments, but by the effect the impairments have on the individual's ability to perform substantial gainful activity. *Capoferri v. Harris,* 501 F.Supp. 32, 36 (E.D.Pa.1980), *aff'd,* 649 F.2d 858 (3d Cir.

1981). The claimant bears the burden of furnishing evidence of disability. 42 U.S.C. § 423(d)(5)(A).

■ The administrative law judge found that Cruz could perform light work as of December 18, 1990. This court finds that there is no substantial evidence upon which the administrative law judge could base his opinion that Cruz was able to work only six weeks after a laminectomy and a discectomy. The relevant evidence is not adequate to support such a conclusion. Rather, the relevant evidence indicates that Cruz continued to be disabled and unable to work as of at least the time of her hearing. At the time the administrative law judge finds Cruz able to work (December 18, 1990), Cruz's doctor indicates concern that Cruz try to rest and not injure herself so close to her surgery. *See* Record at p. 175. Furthermore, Cruz testified at her hearing that as of a week before the hearing she had not been released to go to work by Dr. Hemley. *See* Record at p. 42. Dr. Hemley's opinion is relevant in evaluating the situation as even Cruz's physician, Dr. Bienier, indicated that she would need an assessment by Dr. Hemley to release Cruz to go back to work. *See* Record at p. 184.

■ Given the lack of sufficient evidence to support Cruz's ability to work as of December 18, 1990, the issue remains of whether Cruz was disabled for a continuous period of at least twelve months such that she is entitled to SSI benefits. Some discrepancy exists as to when Cruz's disability started. The administrative law judge indicates in his findings of fact that Cruz was unable to work as of June 20, 1990, the date she filed her application for SSI. Cruz, though, asserted that the date she was disabled was either June 1, 1990, as indicated on her SSI application, or January 1990, as indicated on her disability report. This discrepancy becomes irrelevant, however, since the required continuous twelve-month period is satisfied based upon Dr. Stravino's reports of September 19, 1991 and October 10, 1991. When Dr. Stravino examined Cruz, she was able to walk only with discomfort. Cruz last worked outside of the home in 1989. At the times of Dr. Stravino's examination, Cruz's daughter

assisted her with her housework. Also at the times Dr. Stravino examined Cruz, Cruz wore a back brace at home, generally was uncomfortable, and had a limited ability to function. The evidence in the record indicates that Cruz was disabled for a continuous period of not less than twelve months, even where the twelve month period started, assuming *arguendo,* the later date of June 20, 1990, and continued at least through October 10, 1991. Since Cruz satisfied the Act's requirements to be eligible for SSI, the Secretary shall calculate and pay the benefits to Cruz.

## III. CONCLUSION

The administrative law judge's decision that Cruz was able to return to work six weeks after surgery is not supported by substantial evidence. Cruz is entitled to supplemental security income in view of her inability to perform any substantial gainful activity by reason of her impairment which has lasted for a continuous period of not less than twelve months.

An appropriate order follows.

## ORDER

AND NOW, this 22nd day of March, 1993, upon consideration of Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, it is hereby ORDERED that Plaintiff's Motion is GRANTED and the Secretary's decision is REVERSED. Summary judgment is entered in favor of the Plaintiff for the reasons stated in this court's memorandum of the same date. The matter is REMANDED to the Secretary for the calculation and payment of benefits.