William T. BARNARD, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. J–80–474.

United States District Court, D. Maryland.

June 8, 1981.

Ronald C. Brubaker, Cumberland, Md., for plaintiff.

Russell T. Baker, Jr., U. S. Atty., Glenda G. Gordon, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

Plaintiff filed an application for Social Security disability insurance benefits (DIB) on September 8, 1978. After administrative denials, a hearing was held before an administrative law judge (ALJ) on May 22, 1979, at which plaintiff was represented by counsel. In an opinion of October 22, 1979, the ALJ denied disability benefits. The Appeals Council on January 10, 1980 declined review, and this action was timely filed on February 27, 1980.

The Secretary answered the complaint on July 29, 1980, filing the required transcript, and on August 13, 1980 filed a motion for summary judgment. No response to that motion, or cross motion for summary judgment, was filed by the plaintiff. This Court granted the Secretary's motion for summary judgment, finding substantial evidence to support the ALJ's decision, and entered judgment on December 16, 1980. On January 15, 1981, plaintiff moved for relief from that order, plaintiff's counsel stating that he had not received a copy of the Secretary's motion for summary judgment. On April 16, 1981, plaintiff's motion was granted and the Memorandum and Order of December 16, 1980 were withdrawn. Plaintiff was directed to file a response within 14 days, pursuant to Local Rule 6.

On May 4, 1981, plaintiff filed a motion to remand the case to the Secretary for additional proceedings, in light of the worsening of his condition since the hearing before the ALJ. Attached to the motion was an affidavit of the plaintiff, in which he stated that his condition had deteriorated so that "arthritis has now affected his ankles, his legs have become swollen from his knees down to his ankles, he is unable to walk more than one hundred yeards [sic], he cannot stand on his feet for longer than ten minutes and his physical activities have become much more restricted." A letter to plaintiff's attorney from Leslie R. Miles, Jr., M.D., plaintiff's treating physician, dated February 23, 1981, is also attached to the motion. Dr. Miles states that plaintiff has been under his care since December 1978

for degenerative arthritis "which has been constant and progressive." He adds:

> At present Mr. Barnard has very marked changes of both knees, especially the left which is quite swollen, red and palpably warm.
>
> This man walks with a cane and is on indocin medication at the present time.

The Secretary has responded to the motion for remand, asserting that plaintiff has not shown "good cause" for remand in that the medical report does not add facts that would tend to alter the decision. Defendant also asserts that plaintiff's present condition has no bearing on the correctness of the Secretary's decision at the time it was rendered.

The Secretary's motion for summary judgment and plaintiff's motion for remand can now be decided. After review of the motions, responses, and the record, this Court does not deem a hearing necessary. *See* Local Rule 6.

### 1. *Motion for summary judgment.*

■ This Court finds, upon review of the record, that the Secretary's denial of DIB benefits was supported by substantial evidence based on the record at the time, for the reasons set forth in the Memorandum of December 16, 1980. The body of that Memorandum (Page 1, ¶ 2—page 8, ¶ 1) is hereby adopted and incorporated herein by reference. The only question is whether summary judgment should be granted in favor of the Secretary affirming the administrative determination, or whether the case should be remanded for the taking of additional evidence.

### 2. *Motion to remand.*

■ The applicable statutory provision, 42 U.S.C.A. § 405(g) (1981 Supp.), states with respect to remands:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

This provision was enacted June 9, 1980, Social Security Disability Amendments of 1980, Pub.L.No.96–265, § 307, 94 Stat. 458 (1980), and a preliminary question is whether its provisions apply to this case.

This Court has found only a few reported cases dealing with the retroactive application of the amendments. In *Torres v. Harris*, 502 F.Supp. 518 (E.D.Pa.1980), the Court expressed the view that the amendments were retroactive, *id.* at 527, but avoided the question by finding a remand unwarranted under the prior standard, *id.* A few other cases have noted the new statute and found it inapplicable to remands where the decision was not supported by substantial evidence, *Tunstall v. Schweiker*, 511 F.Supp. 470 (E.D.Pa.1981), or when an error of law has been committed, *Rosario v. Secretary*, 512 F.Supp. 874 (S.D.N.Y.1981).[1] One court has disapproved retroactive application where the statute was amended after a case was filed and after the return day of motions. *Rivera v. Secretary*, 512 F.Supp. 194, 200 ,n. 8 (S.D.N.Y.1981). The Court in *Rivera* noted, however, that the new standards for remand would be met. *Id.*

The district court in *Birchfield v. Harris*, 506 F.Supp. 251 (E.D.Tenn.1980), applied the amended statute, but administrative proceedings in that case had not concluded before June 9, 1980.[2] Several circuit and district court decisions issued after June 8, 1980 have applied the "good cause" standard under the former statute without dis-

---

1. The legislative history of the amendments indicates that Congress did not intend to alter the judicially-developed rule of remand for legal errors.

2. *See id.* at 253–54. The date of the original hearing does not appear in the opinion and it is not clear when the Appeals Council rendered its decision. The Court notes a letter of July 8, 1980, allowing plaintiff 20 days in which to submit additional evidence. *Id.*

cussion. *Goerg v. Schweiker,* 643 F.2d 582, 583 (9th Cir. 1981); *Allen v. Schweiker,* 642 F.2d 799, 802 (5th Cir. 1981) (per curiam); [3] *Cagle v. Califano,* 638 F.2d 219, 221 (10th Cir. 1981); *Knox v. Harris,* 512 F.Supp. 162 (E.D.Pa.1981); *Cancel v. Harris,* 512 F.Supp. 69 (E.D.Pa.1981); *Thompson v. Harris,* 508 F.Supp. 134, 138 (D.Kan.1981); *Taylor v. Harris,* No. 78–1798–MA (D.Mass. Sept. 29, 1980); *Goff v. Harris,* 502 F.Supp. 1086, 1089 (E.D.Va.1980); *Capoferri v. Harris,* 501 F.Supp. 32, 38 (E.D.Pa.1980). References to 42 U.S.C. § 405(g) in some of these cases are brief. Since it cannot be determined from these opinions whether reliance on former § 405(g) was considered, they are of no particular help in deciding whether the provisions of 42 U.S.C. § 405(g) as amended apply. *But cf. Rosario v. Secretary,* 512 F.Supp. 874, 878 n. 6 (S.D.N.Y. 1981) (noting that although Second Circuit has not ruled, it continues to remand where the Secretary has committed an error of law or failed to provide a fair hearing).

There are a number of cases in which courts have decided whether previous amendments to the Social Security Act are retroactive, but they likewise offer no clear answer to the question here presented, because the changes have been substantive ones, favoring claimants. *E. g., Brown v. Celebreeze,* 367 F.2d 455 (4th Cir. 1966), *appeal after remand,* 387 F.2d 345 (4th Cir. 1967). The pertinent wording of § 405(g) before June 9, 1980 was, "The court ... may, at any time, on good cause shown, order additional evidence to be taken before the Secretary...." In deciding whether "good cause" was shown, courts often considered whether the evidence was "new" or merely cumulative, and why it had not been presented previously. *See, e. g., King v. Califano,* 599 F.2d 597 (4th Cir. 1979). Congress was concerned, however, at the time of the 1980 amendment that courts were too free in granting remands. *See Torres v. Harris,* 502 F.Supp. 518, 520 (E.D.Pa. 1980) (quoting House and Senate reports on

Pub.L.No.96–265); *cf. Birchfield v. Harris,* 506 F.Supp. 251, 252 (E.D.Tenn.1980) (noting "almost standard practice" in Division for plaintiffs to submit a recently acquired medical report and move to remand). Thus, the recent amendments to § 405(g) can only be viewed as narrowing the instances in which remand is to be granted on the basis of additional evidence, in effect redefining "good cause shown" as a showing of the materiality of new evidence and an explanation why it was not presented in a prior proceeding.

That the amendment restricts somewhat the availability of remand does not preclude its application in this case. As the *Torres* court noted, this is a procedural, not a substantive, change. Statutes effecting procedural changes may be applied retroactively unless the legislature intended otherwise or unless a manifest injustice would result. 502 F.Supp. at 527. There is nothing to indicate Congress did not intend application to all cases pending in the district courts. Nor would a manifest injustice be worked. Standards of "good cause" under prior case law did not differ so greatly that a litigant might not be expected to show the significance of newly obtained evidence and to explain why it was not offered in administrative proceedings. There have been administrative procedures by which reports obtained after hearing before an ALJ can be submitted. An ALJ will frequently hold the record open for the submission of additional reports, as did the ALJ in this case. (T. 51). The Appeals Council may consider evidence submitted after a hearing, and there are administrative procedures for reopening cases, 20 C.F.R. §§ 404.957, 404.958. *See Birchfield v. Harris,* 506 F.Supp. 251, 253 (E.D.Tenn.1980). This Court does not suggest that the amendment to § 405(g) has worked no changes, for it clearly has and Congress intended that it should. Even under the prior version, however, a plaintiff was required to demonstrate that the evi-

---

**3.** The *Allen* court found no good cause to remand and noted there had been no explanation why a new medical report had not been submitted in the administrative proceeding. 642

F.2d at 802. In doing so, it relied on *Watts v. Harris,* 614 F.2d 515 (5th Cir. 1980) (per curiam), which was decided in March of 1980.

dence offered might have changed the Secretary's decision, so that not every untimely production of new evidence in support of a motion to remand in the district court compelled, or should have compelled, remand to the Secretary.

Manifest injustice would not be worked by application of amended § 405(g) in this particular case. The motion to remand was filed well after the amendments of § 405(g).[4] In addition, plaintiff relies only on his present, deteriorated condition. He does not offer evidence that was, or might have been, available at the time of the hearing or the decision of the Appeals Council.

■ The first question, in applying amended § 405(g), is whether there is new evidence that is material. Plaintiff's affidavit and Dr. Miles' letter present evidence that is new, in that they describe plaintiff's present, worsened condition. The only statement in the affidavit that relates at all to his prior condition is Dr. Miles' introductory remark that he has been treating the plaintiff for degenerative arthritis since December 1978 and that the condition is constant and progressive. To the extent that this statement is evidence at all, it was before the ALJ and the Appeals Council in prior proceedings in the report of Drs. Sandrin and Miles, and the ALJ found it as one of plaintiff's impairments.

Plaintiff and Dr. Miles describe plaintiff's condition at the present time, the plaintiff as of April 29, 1981 and Dr. Miles as of February 23, 1981. These statements of plaintiff's condition, which has apparently worsened, are not material to the question whether plaintiff was disabled at the time of the Secretary's decision, which became final on January 10, 1980. This is not an instance in which the presence of a degenerative disease establishes disability. *Cf. Zielinski v. Califano*, 580 F.2d 103 (3d Cir.

1978) (case remanded because autopsy finding of "black lung" and absence of subsequent mining work tended to show black lung at the time benefits denied). Some courts have noted, applying § 405(g) standards before amendment, that in cases involving degenerative diseases, later evidence may be probative of the nature of the disease and disability. *See Bastien v. Califano*, 572 F.2d 908, 912–13 (2d Cir. 1978); *Torres v. Harris*, 502 F.Supp. 518, 527 (E.D. Pa.1980) (dictum); *Gradzki v. Harris*, No. 79–C–3917 (N.D.Ill. Sept. 18, 1980). In this case, the ALJ had available medical reports made in January, March and June 1979, and the plaintiff's testimony in May 1979 when he rendered his decision. Those reports were reasonably contemporaneous with the disability determination. Plaintiff's condition may have so worsened that he is disabled now, over one year after the Secretary's final action. As the Secretary notes, the new medical report may support an application for benefits covering a later time period.[5] Under § 405(g) as amended, however, the question is whether the new evidence is material to the Secretary's disability determination, not whether there may be reason to render a different decision now.

Plaintiff's motion to remand will be denied, and the Secretary's motion for summary judgment will be granted.

---

4. Had the motion been filed earlier, in response to the Secretary's motion for summary judgment of August 9, 1980, it would still have been filed after the amendment was enacted.

5. It might be noted that, in order to obtain DIB benefits the claimant must be disabled as of the time he last met the disability insurance coverage requirements, in this case, June 30, 1980.