Andrew SALIBY, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81–91–CIV–5.

United States District Court, E. D. North Carolina, Raleigh Division.

Sept. 15, 1981.

Charles T. Hall, Raleigh, N. C., for plaintiff.

Patricia L. Holland, Asst. U. S. Atty., Raleigh, N. C., for defendant.

## MEMORANDUM OF DECISION

BRITT, District Judge.

This case is before the court on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. Plaintiff initiated this action pursuant to § 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits under Title II of the Act.

Plaintiff filed an application for a period of disability and disability insurance benefits on 7 February 1980. His application was denied initially and upon reconsideration by the Social Security Administration. Pursuant to plaintiff's request, a hearing was conducted before an administrative law judge (ALJ), at which plaintiff and his at-torney were present. The ALJ considered plaintiff's claim *de novo* and on 13 November 1980 issued his decision concluding that plaintiff was not under a disability as defined by the Act. This decision became the final decision of the Secretary upon approval by the Appeals Council on 22 January 1981. Plaintiff initiated this action by complaint filed 9 February 1981.

Plaintiff alleged disability commencing 15 September 1974 at the age of 54. He alleges that he is unable to work because of a heart condition and a related mental disorder. Plaintiff has the equivalent of a year of college education, and has worked as an engineer for a large computer company for the past 29 years. Plaintiff has a history of cardiac problems, and underwent coronary bypass surgery in October of 1979. Although plaintiff recovered well from this surgery physically, he alleges that since the time of this surgery he has suffered severe depression which has rendered him unable to return to his former job. The ALJ, after a review of the medical evidence of record and of plaintiff's testimony at the hearing, found (1) that plaintiff's heart condition had not rendered him physically unable to return to his former job; and (2) that plaintiff's depression could be remedied by treatment within less than twelve months. Plaintiff contends that these findings and conclusions are erroneous and are not supported by substantial evidence.

The Act defines disability as an "... inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The burden is upon the plaintiff to prove that he is disabled within the meaning of the Act. *Parker v. Harris*, 626 2d 225, 231 (2d Cir. 1980). Upon review, the court may affirm, modify, reverse, or remand the decision of the Secretary. The ALJ's findings of fact are conclusive to the extent that they are supported by substantial evidence. 42 U.S.C. § 405(g). Should the plaintiff establish a

*prima facie* case of inability to perform his usual occupation, the burden shifts to the Secretary to show that the claimant can perform a specific job that exists in the national economy. *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975).

Clearly the plaintiff has established a *prima facie* case of disability due to a mental impairment. In order to establish such a disability, the plaintiff must show (1) that his own physician considered him mentally disabled; (2) that his medical history and subjective testimony were consistent with the physician's conclusion; and (3) that the diagnosis of a psychiatrist he consulted was also consistent with a finding of mental disability. *Lewis v. Weinberger,* 541 F.2d 417 (4th Cir. 1976); *Reams v. Harris,* 498 F.Supp. 802 (E.D.N.C.1980). Plaintiff's cardiologist and his company physician considered him to be disabled due to his mental condition. The testimony before the ALJ, at which plaintiff began crying for no discernible reason, supports the opinions of these physicians. Finally, the psychiatrist consulted by plaintiff considered that plaintiff was disabled from returning to his previous occupation on account of his mental condition.

In addition to satisfying the three-prong test of *Lewis, supra,* plaintiff must show that his impairment has lasted or can be expected to last for a period of not less than twelve months. The plaintiff's psychiatrist noted that plaintiff's condition could perhaps be successfully treated, but that his rehabilitation "... would take some considerable time." On the basis of this statement, the ALJ concluded that plaintiff's condition would be "... resolved with treatment in less than twelve months." This conclusion is not supported by substantial evidence. Plaintiff alleged disability beginning 15 September 1979, more than a year prior ·to the psychiatrist's report. Plaintiff had been receiving extensive treatment for his mental condition, and there is nothing in the record to suggest that his condition could be remedied within the time period suggested by the ALJ. The court concludes that the ALJ's decision is not supported by substantial evidence, and that plaintiff has established a *prima facie* case of inability to return to his prior occupation due to a mental impairment, thereby shifting the burden to the Secretary to show that a specific job exists in the national economy which plaintiff retains the residual functional capacity to perform. *Taylor, supra.*

Plaintiff asserts that, as he has established a *prima facie* case of disability, he is presently entitled to benefits, and that the Secretary's decision should be reversed. He recognizes that the courts have often remanded cases to the Secretary in such situations, in order to allow the Secretary to attempt to demonstrate that jobs exist which plaintiff could perform; however, he asserts that the 1980 amendment to § 405(g) precludes the court from remanding this action. Prior to the 1980 amendment, the court was empowered to remand a case to the Secretary and order the taking of additional evidence for "good cause shown." The 1980 amendment, effective 9 June 1980, while not divesting courts of their inherent power to remand actions to the Secretary, conditioned remands for the taking of additional evidence upon a showing that the new evidence was material and that good cause existed for the failure to incorporate that evidence into the record in the prior proceeding. Plaintiff asserts that there has been no showing that material new evidence exists, or that good cause exists for the Secretary's failure to present any such evidence as may exist into the record of the prior proceeding. However, the legislative history of the 1980 amendments does not support plaintiff's construction of amended § 405(g). In enacting amended § 405(g), Congress was clearly concerned with the situation in which the claimant failed to present convincing medical evidence of his disability before the ALJ, but presented such medical evidence to the district court and moved for remand. *See* 1980 U.S.Code Cong. and Adm.News, 1277 at 1336; *Barnard v. Secretary of Health and Human Services,* 515 F.Supp. 690, 693 (D.Md.1981); *Aubeuf v. Schweick-*

544

er, 649 F.2d 107 (2nd Cir. 1981). This is not the situation in the instant case. As noted by the court in *Rosario v. Secretary of Health and Human Services*, 512 F.Supp. 874, 878 (S.D.N.Y.1981), "Although the amended language limits the extent to which a court may remand to the Secretary for the taking of new evidence, where his determination is supported by substantial evidence, it cannot undermine the power of a court to remand when the Secretary has committed an error of law or has failed to use procedures that comport with the requirements of due process." The court retains the power to remand a case in which the ALJ's determination is unsupported by substantial evidence. *Dousewicz v. Harris*, 646 F.2d 771 (2nd Cir. 1981). The ALJ erroneously concluded as a matter of law that plaintiff failed to present a *prima facie* case of disability. This conclusion was based at least partly upon a factual finding that plaintiff's disability would not last for a period of twelve months, which finding was unsupported by substantial evidence. The decision of the ALJ that plaintiff is not disabled is clearly erroneous and unsupported by substantial evidence, and should be reversed. The court retains the discretion to remand the case to the Secretary for a determination as to whether the plaintiff is in fact disabled within the meaning of the Act; the 1980 amendment to § 405(g) does not divest the court of this power. Accordingly the decision of the Secretary is reversed, and this action is remanded to the Secretary for a determination as to whether there exists substantial, gainful work in the national economy which plaintiff, considering his age, education and work experience, retains the residual functional capacity to perform.

SO ORDERED.