**Ronald GUY, Plaintiff,**

**v.**

**Richard S. SCHWEIKER, Defendant.**

**No. C–3–80–084.**

United States District Court,
S. D. Ohio, W. D.

Jan. 22, 1982.

Jonathan A. Horwitz, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING RE-
PORT OF MAGISTRATE IN ITS EN-
TIRETY; PLAINTIFF'S OBJEC-
TIONS TO REPORT AND RECOM-
MENDATION OF MAGISTRATE
OVERRULED; PLAINTIFF'S MO-
TION FOR SUMMARY JUDGMENT
OVERRULED; DEFENDANT'S MO-
TION FOR SUMMARY JUDGMENT
OVERRULED; CASE REMANDED
TO DEFENDANT FOR COMPUTA-
TION OF BENEFITS OR FOR TAK-
ING OF FURTHER EVIDENCE;
TERMINATION ENTRY

RICE, District Judge.

## I. INTRODUCTION

This matter is before the Court pursuant to Plaintiff's motion to review the Magistrate's Report and Recommendation, filed pursuant to 28 U.S.C. § 636(b)(1)(C), which said Report recommended that Plaintiff's motion for summary judgment be overruled, that Defendant's motion for summary judgment be overruled, and that the case be remanded to the Defendant for a determination of whether or not Plaintiff has the residual functional capacity to perform sedentary work. A synopsis of the history of this case is set forth below.

Plaintiff filed an application for Disability Insurance Benefits on June 20, 1978, alleging that he had been disabled since August 3, 1977, due to shoulder, hip, and knee problems. The claim was denied initially and upon reconsideration by the Social Security Administration (SSA), whereupon Plaintiff requested a hearing. On June 28, 1979, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. In addition, the ALJ received testimony from Ms. Gladys Smith, with whom Plaintiff was living at the time of the hearing. On September 11, 1979, the ALJ rendered a decision finding that Plaintiff was not under a disability, and denied his claim for benefits. Plaintiff then requested review of the ALJ's decision by the Appeals Council, and the Council, after considering additional evidence, affirmed the ALJ's decision on January 21, 1980.

On March 25, 1980, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the United States Magistrate on the same date, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a "Report and Recommendation" dated September 16, 1981, recommended that both motions for summary judgment be overruled, and that the case be remanded to the Defendant for a determination, as noted above, of Plaintiff's residual functional capacity to perform sedentary work.

Plaintiff then filed a motion to review the Report on October 13, 1981, pursuant to 28 U.S.C. § 636(b)(1)(C). In particular, Plaintiff argues that his motion for summary judgment should be sustained, and that a remand to the Defendant, as recommended by the Magistrate, is forbidden by 42 U.S.C. § 405(g), as amended. Defendant filed no written objections to the Report, but his attorney did oppose the motion to review at the hearing before this Court.

## II. DE NOVO REVIEW

In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to reexamine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents him from performing his usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). Once the claimant establishes a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D.Ohio 1981). To meet this burden, the Secretary must receive evidence to show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. § 423(d)(2)(A). The preferred method of receiving such evidence is through the testimony of a vocational expert. *O'Banner v. Secretary of Health, Education & Welfare*, 587 F.2d 321 (6th Cir. 1978).

The Magistrate's Report capably summarized the evidence in the record, and said evidence need not be reviewed at great length herein. The record indicates that Plaintiff was born on December 23, 1940, graduated from high school, and completed one-half year of college. Since 1961, he has worked at a variety of jobs involving lifting and other strenuous tasks, and most recently worked as a spray paint operator. He quit work on August 3, 1977, due to intolerable shoulder and leg pains. (Magistrate's Report at 1–2).

Plaintiff's medical ailments are the subject of a large number of reports from examining physicians. Since being diagnosed as having "acute sciatic neuritis" in 1968, he has been hospitalized on various occasions and treated for knee and shoulder problems. A medial meniscectomy was performed by Dr. Young, his treating physician, in 1978. Dr. Bevers, in 1978, diagnosed Plaintiff as suffering from chronic low back pain and atrophy of the left quadriceps muscle. In the same year, Dr. Young performed a lumbar myelogram, and diagnosed a "probable herniated nucleus pulposus at L–4 or L–5." Dr. Kessler, in 1979, noted some loss of rotation and elevation in the left shoulder, weakness below the knees on both sides, and developmental changes and narrowing of the disc at the L–5, S–1 level. Based on this examination, Dr. Kessler opined that Plaintiff was totally disabled. Finally, a physical capacities evaluation was completed by a physician designated by the Defendant, based entirely on a review of the record. This evaluation concluded that Plaintiff could stand or walk up to four hours, and sit up to eight hours, in an eight-hour work day. (Magistrate's Report at 2–4).

After reviewing all the evidence, the ALJ held that Plaintiff had met his burden of showing that he was unable to perform his usual work. (T. 24). However, the ALJ further held that the Secretary had met his burden of showing that Plaintiff had the residual functional capacity to perform sedentary work. (T. 24). The ALJ based the latter holding primarily on the lack of support in the record for the Plaintiff's complaint of severe pain (T. 22–23), and on the application of the criteria in an SSA regulation, 20 C.F.R. Subpart P., App. 2, Rule 201.28 (1979), which directed a finding of "not disabled." (T. 23).

After the ALJ's decision, Plaintiff submitted additional evidence in the form of a statement by Dr. Young, who contended that the ALJ had misinterpreted a physical capacities evaluation performed by him. (T. 182–84). However, the Appeals Council, in accepting the ALJ's decision, stated that Dr. Young's revised evaluation and statement were not supported by objective evidence. (T. 4–5).

■ The Magistrate held that, whatever may be the correct interpretation of Dr. Young's evaluation, the Secretary had not met his burden of showing that Plaintiff had the residual capacity to engage in substantial gainful activity (Report at 6). Spe-

cifically, the Magistrate pointed out that the only evidence meeting the Secretary's burden was the evaluation completed by a non-examining physician, which was at odds with the opinions of Plaintiff's treating physicians, Drs. Young and Kessler. *Id.* The reports of the latter are to be given greater weight than the reports of non-examining physicians employed by the government. *See Stamper v. Harris,* 650 F.2d 108, 111 (6th Cir. 1981). Moreover, the preferred, though not required, method of receiving evidence on the Secretary's burden is through a vocational expert, which was not done in the case herein. *O'Banner v. Secretary of Health, Education and Welfare, supra.* For these reasons, the Magistrate concluded that the ALJ's holding with respect to the Secretary's burden was not supported by substantial evidence. Report at 6. However, the Magistrate did not recommend that Plaintiff's summary judgment motion be sustained. Instead, the Magistrate recommended that both motions for summary judgment be overruled, and that the case be remanded to the Secretary so that he could "come forward with specific findings ... regarding whether or not Plaintiff has the residual functional capacity to perform sedentary work." Report at 7.

In his objections to the Report and Recommendation of the Magistrate, Plaintiff does not quarrel with the holding that Defendant did not meet his burden of proof. Plaintiff argues that this holding compels the sustaining of his motion for summary judgment, rather than the remand recommended by the Magistrate. As previously noted, Plaintiff further argues that this result is mandated by 42 U.S.C. § 405(g), as amended. Resolution of this issue will require the examination of the language of § 405(g), as amended and unamended, as well as the legislative history of the amendment.

Section 405(g), which governs judicial review of final decisions of the Secretary, provided in its unamended form (in pertinent part) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. . . . The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision. . . .

42 U.S.C. § 405(g).

On June 9, 1980, Pub.L.No.96–265, § 307, 94 Stat. 458 (1980), § 405(g) was amended, and now provides, in pertinent part, as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. . . . The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision. . . .

42 U.S.C. § 405(g) (as amended).

Both versions of § 405(g) grant the Court discretion to affirm, modify, or reverse the decision of the Secretary, "with or without

remanding the cause for a rehearing." Both versions, in addition, provide that this Court "may," at any time, "order additional evidence to be taken before the Secretary," if certain conditions are met. The conditions differ in each version. In § 405(g), as unamended, such a remand may be ordered upon "good cause shown." In contrast, § 405(g), as amended, states that such a remand may be ordered "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Plaintiff argues that the applicable language of § 405(g), as amended, narrows the discretion available to this Court in deciding whether to remand. Moreover, he argues that the new wording applies to the Secretary as well as claimants. Since nothing in the record indicates what, if any, facts the Secretary may be able to demonstrate upon a remand, the Secretary, a fortiori, has not shown that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record." For these reasons, Plaintiff concludes that a remand to the Secretary is foreclosed.

■ To adopt Plaintiff's position, however, would ignore both the language of § 405(g), as amended, and the legislative history of the amendment. The drafters of the amendment, concerned with the large numbers of remands granted by district courts upon introduction of new evidence by *claimants*, did indeed intend to narrow the discretion available to judges, *under the "may, at any time" language. See* S.Rep.

No.96–408, 96th Cong., 1st Sess. 58 (1979), *reprinted in* [1980] U.S.Code Cong. & Adm. News 1277, 1336–37; H.R.Conf.Rep.No.96–944, 96th·Cong., 2d Sess. 59 (1980), *reprinted in* [1980] U.S.Code Cong. & Adm.News 1392, 1407. Those courts which have reviewed the amendment to § 405(g) have unanimously concluded that the amendment does *not* apply to remands, where the reviewing court has determined that the Secretary applied erroneous legal standards or arrived at a decision unsupported by substantial evidence. *See Aubeuf v. Schweiker*, 649 F.2d 107, 115–16 (2d Cir. 1981); *Saliby v. Schweiker*, 522 F.Supp. 541, 544 (E.D.N.C. 1981); *Rosario v. Sec'y of Health and Human Services*, 512 F.Supp. 874, 878–79 n.6 (S.D.N.Y.1981).[1] The discretion to remand left untouched by the amendment is derived from the Court's authority to affirm, modify or reverse the Secretary's decision, "with or without remanding the cause for a rehearing," and from decisions interpreting said language. H.R.Rep.No.96–100, 96th Cong., 1st Sess. 13 (1979); *Aubeuf v. Schweiker, supra*, 649 F.2d at 116. This latter discretion to remand was not altered by the 1980 amendment.

In the action herein, the Magistrate recommended a remand because the ALJ's decision that the Secretary had met his burden of proof was not supported by substantial evidence. Report at 6. Hence, the 1980 amendment to § 405(g) does not apply to or alter in any way this Court's discretion in the instant case.[2] If this conclusion gives the Secretary "two bites at the apple" (i.e., two chances to meet his burden), as Plaintiff suggests, it is a potential result permit-

---

1. Thus, a court has discretion to remand in three situations: where the ALJ applied an improper legal standard in evaluating the evidence before him (*e.g., Aubeuf v. Schweiker, supra*, 649 F.2d at 112), *or* where the ALJ applied a proper legal standard, but his decision was not supported by substantial evidence (*e.g., Saliby v. Schweiker, supra*), *or* where the ALJ both applied an improper legal standard and, in any event, reached a decision unsupported by substantial evidence (*e.g., Aubeuf v. Schweiker, supra*, 649 F.2d at 114, 116). The case herein falls under the second category, in

that the Magistrate held that the ALJ's determination that the Secretary had met his burden of proof was not supported by substantial evidence. Report at 6.

2. Since Plaintiff filed suit in this Court on March 25, 1980, and the amendment to § 405(g) was enacted on June 9, 1980, the question arises whether the amendment should be applied retroactively. The Court need not reach this issue, since the 1980 Amendment is found not to be applicable to the case herein.

ted under § 405(g) and the case law interpreting that provision.[3]

The fact that the amendment to § 405(g) is not applicable, however, does not end the inquiry. Rather, this Court must determine whether the Magistrate's recommendation to remand is a correct result, based on the judicially-developed factors to be considered when the Secretary's decision is not supported by substantial evidence. The primary factor to be considered by a court is whether the proof of a claimant's disability is strong, and evidence to the contrary is lacking in substance, so that a remand would merely involve the presentation of cumulative evidence. *Estes v. Harris*, 512 F.Supp. 1106, 1116 (S.D.Ohio, 1981). A remand is also inappropriate where the Secretary has already presented vocational testimony, and a court has determined that the Secretary did not meet his burden. *Id.*[4]

■ Upon a careful review of the record and the arguments of counsel, this Court holds that the applicable factors do make a remand appropriate in the instant case. The evidence in the record indicates that Plaintiff is a relatively young man, and that his ability to perform sedentary work is not totally out of the question. While his treating physicians were of the opinion that Plaintiff was "disabled," their conclusions do not make unnecessary a further inquiry into Plaintiff's ability to perform sedentary work. Moreover, the Secretary never presented any vocational testimony regarding Plaintiff's ability (if any) to engage in other substantial gainful employment. In short, while the proof of Plaintiff's disability is relatively strong, there is virtually no evidence in the record concerning his ability to engage in other employment. The presentation of such evidence by the Secretary would *not* involve the mere presentation of cumulative evidence. Hence, a remand for the taking of further evidence is appropriate in the case herein.

Upon remand, the Secretary must *either* grant Plaintiff his requested benefits, *or* hold an additional evidentiary hearing, where the Secretary must come forward with evidence (preferably, through a vocational expert) concerning Plaintiff's ability (if any) to engage in other substantial gainful employment. *See Voyles v. Harris*, 636 F.2d 228, 229 (8th Cir. 1980) (per curiam) (same procedure upon remand ordered). If the proceedings below are unfavorable to the Plaintiff, he may, of course, again pursue his administrative and judicial appeals.

## III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court finds that the objections of the Plaintiff to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that said Report and Recommendation of the Magis-

---

**3.** Plaintiff also argues, somewhat cryptically, that giving this construction of the amendment to § 405(g) would violate his right to due process, "by denying the fundamental fairness required by these administrative proceedings." Such constitutional questions can be advanced in § 405(g) actions, *see Weinberger v. Salfi*, 422 U.S. 749, 763, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975); *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981), as herein. However, given this Court's construction of the amendment as being inapplicable to this proceeding, it is doubtful that Plaintiff would have standing to contest the validity of the amendment. *See Warth v. Seldin*, 422 U.S. 490, 498–501, 95 S.Ct. 2197, 2204–2206, 45 L.Ed.2d 343 (1975); *Young v. Klutznick*, 652 F.2d 617, 623 (6th Cir. 1981). For this reason, this Court declines to consider Plaintiff's constitutional argument.

**4.** In *Coleman v. Califano*, 647 F.2d 164 [1981 Transfer Binder] Unemp.Ins.Rep. (CCH) ¶ 17,-431 (6th Cir. 1981), cited by Plaintiff, the Court, after determining that the Secretary had not met his burden, remanded for the payment of benefits. *See also, Stamper v. Harris, supra*, 650 F.2d at 112 (same). These cases, Plaintiff argues, indicate that a remand for the taking of further evidence is improper when the Secretary has not met his burden. This Court does not agree. Presumably, the Sixth Circuit was simply deciding, albeit *sub siliento*, that based on the various factors suggested in the text of this opinion, a remand for the taking of further evidence was unnecessary. In both *Coleman* and *Stamper*, this Court notes, the Secretary had already proffered the testimony of a vocational expert. Moreover, there is not a hint in either decision that a court no longer has the authority, in appropriate circumstances, to remand for the taking of further evidence.

trate should be adopted in its entirety. It is so ordered.

WHEREFORE, based on the aforesaid, this Court overrules the Plaintiff's motion for summary judgment, overrules the Defendant's motion for summary judgment, and remands the case to the Secretary, for either the computation and granting of benefits, or for the holding of an additional evidentiary hearing, as set forth in this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.