Lloyd A. CHANDLER, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.

No. 83–1855.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1983.

Decided Nov. 14, 1983.

Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Frederick S. "Rick" Spencer, Mountain Home, Ark., for appellant.

Before ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Lloyd Chandler appeals from the district court's[1] judgment affirming the Secretary of Health and Human Services' final decision denying disability benefits, and from the denial of his motion to remand for consideration of new medical evidence. The Secretary based the denial of benefits on a finding that Chandler is capable of returning to relevant past work. The district court denied the motion to remand because the allegedly new medical evidence was cumulative, and not inconsistent with the Secretary's findings. We affirm.

Chandler, a thirty-one year old male, suffered a back and shoulder injury in 1978 while working as a fork-lift operator for Travenol Laboratories. His job at that time was heavy in nature and required heavy lifting. After several months' recovery, he returned to Travenol as a "floater," that is, he performed several types of jobs for absent employees. Chandler testified that this job was supposed to have consisted of lighter work, but that in fact the work was often heavy and that, as a result of conflicts with his supervisor, he left his job in May, 1980, and has not worked since.

The Administrative Law Judge applied the correct procedure in examining Chandler's disability claim. After finding that Chandler was not currently employed, and that he had a severe impairment, the ALJ considered whether his impairment prevented him from performing relevant past work. See 20 C.F.R. § 404.1520; McCoy v. Schweiker, 683 F.2d 1138, 1141–42 (8th Cir. 1982). The ALJ examined physical and psychological medical reports and Chandler's testimony. The ALJ found that Chandler continued to suffer some pain from his 1978 injury, but concluded that it was not severe enough to render him disabled. The ALJ also found that he had the residual functional capacity to perform light and sedentary work. See 20 C.F.R. § 404.1545. Regarding Chandler's mental condition, the ALJ found that he suffered from a neurotic or phobic reaction to the injury and to subsequent work-related events, but that this did not prevent him from performing substantial gainful activity. After reviewing Chandler's past relevant work as a floater at Travenol, a carpenter, a self-employed hog farmer, and as a gas station attendant, the ALJ concluded that he could perform his past job as a service station attendant, which is rated as light work.

After careful review, we are convinced that substantial evidence exists in the record to support the ALJ's findings. Claimants seeking disability benefits bear the burden of proving that their impairments prevent them from engaging in relevant past work. See McCoy v. Schweiker, 683 F.2d at 1146–47 (1979). Chandler failed to meet this burden. His assertions of severe pain were not supported by the medical evidence. Upon examination Chandler was found to have normal mobility in his back and shoulder, and his attending physician, Dr. Snow, could find no physical source of constant pain. The ALJ found, however, that Chandler's pain was not suf-

1. The Honorable J. Smith Henley, Senior Circuit Judge, United States Court of Appeals, Eighth Circuit, sitting by designation.

ficiently severe to render him disabled. Such a credibility finding is well within the province of the ALJ. *See Andrews v. Schweiker,* 680 F.2d 559, 561 (8th Cir.1982).

Further, the evidence of Chandler's mental condition reveals that his anxiety and depression are largely connected to his work at Travenol. Dr. Boyle's reservations about his ability to work appear limited to a return to work at Travenol. The evidence concerning Chandler's physical and mental condition substantially supports the ALJ's finding that he can perform *other* work, such as his past job as gas station attendant.[2]

■ Finally, we find no abuse of discretion in the district court's refusal to remand to the Secretary on the basis of newly discovered evidence. Courts may remand to the Secretary only upon a showing that there is new material evidence, and that there is good cause for the claimant's failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). The evidence Chandler presented to the district court, two letters written by Dr. Boyle concerning Chandler's continued neurosis stemming from his injury and difficulties with Travenol, is cumulative of the psychological evidence considered by the ALJ.

Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir. Rule 14.

---

2. Chandler's job as a gas station attendant is relevant to show the kind of work he is presently capable of performing because he performed the job within the past fifteen years, it lasted long enough (2 years) for him to learn how to do it, and it constituted substantial gainful activity. 20 C.F.R. § 404.1565(a).