Kenneth L. BROCK, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82-1388-15.

United States District Court, D. South Carolina, Anderson Division.

May 2, 1985.

Richard S. Vaughan, Anderson, S.C., for plaintiff.

J.D. McCoy, Asst. U.S. Atty., Greenville, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

The plaintiff, Kenneth L. Brock, brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Secretary of Health and Human Services (hereinafter "Secretary") finding that the plaintiff is not entitled to disability insurance benefits based on his application filed July 2, 1981. The matter is before the court along with the report and recommendation of United States Magistrate Charles W. Gambrell made pursuant to 28 U.S.C. § 636(b) and this court's order of May 9, 1977. The magistrate found that the deci-

sion of the Secretary was supported by substantial evidence and recommended that the Secretary's decision be affirmed. The magistrate also found that the plaintiff's motion to remand, based upon "new" medical evidence, should be denied, since the proffered medical evidence was merely cumulative. The plaintiff has filed exceptions to the magistrate's report and recommendation.

■ The determination of disability under the Social Security Act is an administrative decision, and the review by this court is limited. This court cannot try such cases *de novo* or resolve mere conflicts in the evidence. It is the duty of this court to scrutinize the entire record in this case to insure that the Secretary's findings have a sound foundation and that her conclusions are supported by substantial evidence and that the correct legal principles have been applied. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971). Additionally, the court is charged with making a *de novo* determination of any portions of the magistrate's report and recommendation to which specific objection is made, and it may accept, reject or modify, in whole or in part, the report and recommendation made by the magistrate or recommit the matter to the magistrate with instructions. As the designation indicates, the magistrate only makes a recommendation to the court. It has no presumptive weight, and the responsibility of making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

The plaintiff is thirty (30) years old,[1] married and has one son and one stepson. Plaintiff has a limited education, having completed the fourth grade and only part of the fifth grade. Through the alleged onset of disability, plaintiff's job experience was limited to heavy manual labor. On July 9, 1980, while working for Chiquola

---

1. At the time of the hearing before the administrative law judge, the plaintiff was twenty-seven (27) years of age.

Manufacturing Company,[2] the plaintiff fell from a ladder and injured his back. On July 2, 1981, the plaintiff filed his application for disability insurance benefits. The claim was denied on July 22, 1981, and again on reconsideration on September 14, 1981. The plaintiff requested a hearing, and on November 19, 1981, a hearing was conducted before an administrative law judge (hereinafter "ALJ"), at which the plaintiff, his wife and his attorney appeared. On December 18, 1981, the ALJ issued his opinion finding that the plaintiff was not disabled. The ALJ concluded that the plaintiff could not return to his former occupation as a laborer, but concluded that the plaintiff was capable of performing sedentary work. In applying 20 C.F.R. § 404.1569 and the grids found in Appendix 2, Table 1, Rule 201.24, the ALJ determined that the plaintiff was not disabled. The decision of the ALJ became the final decision of the Secretary when the Social Security Appeals Council denied the plaintiff's request for review on April 7, 1982.

On June 7, 1982, the plaintiff initiated this action. The only issue presented for this court's determination is whether the decision of the Secretary is supported by substantial evidence. On September 20, 1982, the plaintiff submitted a motion to remand this case, contending that there was new medical evidence relevant to the Secretary's determination, i.e., that his back condition had continued, he had been hospitalized twice, and had undergone back surgery a third time. The magistrate has fully and completely summarized both the medical evidence and the testimony presented to the Secretary; accordingly, pages eight (8) through fourteen (14) of the magistrate's report and recommendation are incorporated herein by specific reference.

■ In plaintiff's first exception[3] to the report and recommendation of Magistrate Gambrell, plaintiff contends that the magistrate "did not give proper weight to the medical evidence which showed the plaintiff suffered from severe exertionaal [sic] impairments as well as non-exertional impairments." Exceptions at 2. The plaintiff apparently misconstrues the scope of review afforded to this court. It is not the function of this court to "weigh" the competing evidence presented to the Secretary and make its own determination as to plaintiff's disability. This court's responsibility is to examine the record to determine if there is substantial evidence to support the Secretary's determination.

Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence." *Woolridge v. Celebrezze,* 214 F.Supp. 686, 687 (S.D.W.Va.1963). If there is substantial evidence to support the Secretary's decision then our inquiry must terminate. It is not within the province of this court to determine the weight of the evidence; nor is it our function to substitute our judgment for that of the Secretary if his decision is supported by substantial evidence. *Snyder v. Ribicoff,* 307 F.2d 518, 520 (4 Cir.1962).

*Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). "The fact that the record as a whole might support an inconsistent conclusion is immaterial, for [the Social Security Act] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evi-

---

**2.** The plaintiff receives a weekly payment as a result of an award under the South Carolina Workers' Compensation Act.

**3.** Plaintiff did not set forth each exception separately, but merely cited to certain passages of the magistrate's report and recommendation and stated how he thought the magistrate was mistaken. The court will treat each such objection in the order it was raised by the plaintiff.

dence.' " *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972).

■ In examining the evidence presented to the Secretary, the magistrate correctly concluded that there was substantial evidence to support the Secretary's denial of benefits. Although all of the medical evidence established that plaintiff suffers pain emanating from the L3–4, 4–5 and S–1 vertebrae on the left, this does not of necessity establish the plaintiff's alleged disability. In order that the plaintiff may be found disabled, he must be incapable of performing *any* substantial gainful activity. 20 C.F.R. § 404.1505(a) (1984). While the Secretary correctly determined that plaintiff was incapable of performing his past relevant work, there was substantial evidence to support the conclusion that the plaintiff could perform sedentary work activities. Following the plaintiff's first surgery, Dr. Kenneth Heller recommended that the plaintiff seek employment that did not require heavy lifting (Record at 101). Dr. Robert James recommended that the plaintiff contact the South Carolina Vocational Rehabilitation Department for job retraining (Record at 127). Dr. Robert Downie indicated that the plaintiff's back pain was related to associated ligament and muscular strain and should improve with exercise (Record at 134). After treatment at the Roger C. Peace Institute of Rehabilitative Medicine, the plaintiff's upper extremity strength increased three hundred percent (300%), his lower extremity strength increased four hundred and sixty percent (460%), his standing and sitting tolerance tripled and complaints of pain were reduced by seventy-five percent (75%) (Report of Dr. David Tollison, Record at 145). Dr. Tollison concluded that the plaintiff could return to employment with an upgrading of education and training (*Id.*). In a later report, Dr. Tollison concluded that the plaintiff could return to work with his previous employer at a less strenuous posi-

tion [4] (Record at 142). The medical evidence is thus entirely consistent with the Secretary's determination that the plaintiff could perform sedentary work. Although Dr. Tollison did opine that the plaintiff was disabled upon admission to the Peace Institute (Record at 141), this is inconsistent with the occupational conclusions reached by Drs. James and Heller and the later reports of Dr. Tollison. The issue of disability is a legal conclusion, and although Dr. Tollison's opinion on disability is entitled to weight, it is not conclusive upon the Secretary. In light of the conflicting diagnoses of the physicians and the lack of objective medical findings which accompanied Dr. Tollison's opinion, there was substantial medical evidence to support the Secretary's finding that the plaintiff could perform sedentary work.

The testimony presented to the ALJ further supports the conclusion that the plaintiff could perform sedentary work. The plaintiff testified that he can do light chores around the house for three to four hours per day, and spends one and one-half hours a day walking. Furthermore, plaintiff performs light gardening work (Record at 41), and drives a car every day (Record at 43). When plaintiff's attorney asked him if he could work, plaintiff replied, "If they can find something for me, without having me doing any lifting or anything." (Record at 36). There is clearly substantial evidence to support the Secretary's conclusion that the plaintiff was capable of sedentary work.

■ Furthermore, there is substantial evidence to support the Secretary's conclusion that the plaintiff's ability to perform sedentary activity is not significantly affected by any nonexertional limitation. Plaintiff testified that he gets upset because of monetary problems and was so upset at one time that he took an overdose of pills (Record at 34). Plaintiff also testi-

---

4. The plaintiff's admission to the Peace Institute was subsequent to the hearing before the ALJ, and thus is not evidence supportive of his decision. These reports were, however, submitted to the Appeals Council and considered by it in affirming the decision of the ALJ. Accordingly, these records were considered by the Secretary in her determination of disability and may be considered by the court in passing on the "substantial evidence" review.

fied that his children get on his nerves, "and I feel like I just want to go off there in the woods somewhere away from it, till it eases up." (Record at 36). Plaintiff's wife also testified that he gets short-tempered and depressed (Record at 44–45). Despite these statements, the Secretary could find that the plaintiff did not suffer from a nonexertional impairment. Not every malady of a nonexertional nature rises to the level of a nonexertional impairment. "It is amply clear ... that not all nonexertional conditions or limitations affect an individual's capacity to perform such work. Whether a given nonexertional condition affects a particular claimant's capacity to engage in certain job activities is a question of fact." *Smith v. Schweiker,* 719 F.2d 723, 725 (4th Cir.1984).

During the plaintiff's visits with Dr. James, he was described as mentally clear, coherent, oriented and capable (Record at 131). After treatment at the Peace Institute, Dr. Tollison indicated that plaintiff's depression and anxiety had subsided significantly and plaintiff was demonstrating a great deal of extroverted socially appropriate behavior (Record at 145). Plaintiff's depression would appear to be situational in nature, in that it is brought on by overwhelming external factors such as monetary troubles. "Anxiety or depression occurring in connection with overwhelming external situations (i.e., situational reactions) are self-limited and the symptoms usually recede when the situational stress diminishes." Appendix 1, Part A, § 12.-00(B)(3)(b) (1984). Accordingly, there was substantial evidence to support the conclusion that the plaintiff's depression would not affect the residual functional capacity of the plaintiff to perform sedentary work. Since the plaintiff was found to be capable of sedentary work, the Secretary properly applied 20 C.F.R. § 404.1569 and Appendix 2, Table 1, Rule 201.24, which directed a finding that plaintiff be found not disabled.

The plaintiff next excepts to the magistrate's report by asserting that the magistrate erred in recommending that his motion for remand be denied. The plaintiff continued to suffer back pain beyond the date of the Secretary's decision, and a report of the Peace Institute dated March 10, 1982, indicates that the plaintiff was having difficulty with residual pain and depression and with finances. Furthermore, plaintiff's leg brace was causing calf abrasions. Plaintiff was admitted to the hospital on June 14, 1982, for a CT scan of the spine and a myelogram. Plaintiff was again admitted to the hospital on June 28, 1982, and underwent lumbar body fusion surgery on July 2, 1982. On September 15, 1982, Dr. James wrote a letter to the plaintiff's attorney wherein he stated, "Mr. Brock is presently disabled and has been so since we initially saw him. He is still under our care and unable to work at this time." The magistrate concluded that the aforementioned evidence was merely cumulative and would not justify a remand under 42 U.S.C. § 405(g). Plaintiff contends that the Appeals Council relied heavily on the plaintiff's reported improvement while at the Peace Institute in January of 1982, and this new medical evidence showing regression could reasonably have altered the Secretary's opinion.

Pursuant to 42 U.S.C. § 405(g), this court may remand a case to the Secretary for further review upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. This provision, which was enacted on June 9, 1980, as part of the Social Security Disability Amendments of 1980, Pub.L. No. 96–265, § 307, 94 Stat. 458 (1980), reflects a Congressional concern with situations in which a claimant failed to present convincing medical evidence of his disability before the ALJ, but presented such medical evidence to the district court and moved for remand. *See* 1980 U.S.Code Cong. and Ad.News 1277, at 1336; *Saliby v. Schweiker,* 522 F.Supp. 541, 543 (E.D.N.C.1981). The amended provision defines "good cause shown" as a "showing of the materiality of new evidence and an explanation why it was not presented in a prior proceeding." *Barnard v. Secretary of*

**1354**

*Health and Human Services,* 515 F.Supp. 690, 693 (D.Md.1981).

▇ In applying section 405(g), the court must first inquire whether there is new evidence which is material. While the proffered medical evidence is new in the sense that it purports to show the continuation of the plaintiff's back pain subsequent to the hearing, it fails to shed any light on the plaintiff's condition at the time the Secretary rendered her decision. The medical reports submitted are thus not material to the question whether the plaintiff was disabled at the time of the Secretary's decision. Plaintiff correctly points out that the Appeals Council relied on the Peace Institute report showing the plaintiff's improvement, and alleges that evidence of subsequent back problems might alter the Secretary's decision. Had the Secretary's denial been founded upon the ground that plaintiff's back problems could not be expected to continue for one year, the plaintiff's contention might have merit. *See Mitchell v. Schweiker,* 699 F.2d 185 (4th Cir.1983). The Secretary found, however, that as of April 7, 1981, even with the plaintiff's complaints of back pain, the plaintiff was capable of performing sedentary work. The subsequent medical evidence is not material to plaintiff's ability to perform such work on that date. *Mongeur v. Heckler,* 722 F.2d 1033 (2d Cir.1983); *Chandler v. Secretary of Health and Human Services,* 722 F.2d 369 (8th Cir.1983); *Ward v. Schweiker,* 686 F.2d 762 (9th Cir.1982); *Barnard v. Secretary of Health and Human Services,* 515 F.Supp. 690 (D.Md. 1981).

▇ Similarly, the September 15, 1982, letter of Dr. James does not constitute grounds for the remand of this action. To the extent that Dr. James opines that the plaintiff "is presently disabled" and is "unable to work at this time," such evidence does not relate to plaintiff's condition at the time of the Secretary's decision. To the extent that Dr. James' letter states that plaintiff has been disabled since Dr. James started treating him, the statement contradicts Dr. James' earlier opinion and plain-

tiff has shown no good cause for failing to introduce this statement into the record prior to the Secretary's determination. *Willis v. Secretary of Health and Human Services,* 727 F.2d 551 (6th Cir.1984); *Brown v. Schweiker,* 557 F.Supp. 190 (M.D. Fla.1983); *Thompson v. Harris,* 508 F.Supp. 134 (D.Kan.1981). Thus, a remand based on this letter is not warranted. In ruling that plaintiff has failed to support his motion for remand, the court expresses no opinion as to whether the plaintiff could establish a period of disability commencing subsequent to the Secretary's ruling. The court merely concludes that plaintiff has failed to present material new evidence and good cause for failing to incorporate such evidence in the prior administrative proceeding, and plaintiff has thus failed to justify a remand pursuant to 42 U.S.C. § 405(g).

▇ Plaintiff next excepts to the magistrate's emphasis upon the plaintiff's youth in recommending affirmance of the Secretary's decision. Plaintiff contends that with his limited education and no transferable skills, he could not perform sedentary employment. Age, however, is a very significant factor to be considered in determining if one is disabled. For a younger person (age 18–50), his age does not seriously affect his ability to adapt to a new work setting. 20 C.F.R. § 404.1563(b) (1984). Age is a positive factor for claimants under age 45 and generally does not limit an individual's ability to make a vocational adjustment, *"even an adjustment to unskilled sedentary work,* and even where the individual is illiterate or unable to communicate in English." Appendix 2, § 201.-00(h) (1984).

Approximately 200 separate unskilled sedentary occupations can be identified, each representing numerous jobs in the national economy. Approximately 85 percent of these jobs are in the machine trades and benchwork occupational categories. These jobs (unskilled sedentary occupations) may be performed after a short demonstration or within 30 days.

These unskilled sedentary occupations are standard within the industries in which they exist. While sedentary work represents a significantly restricted range of work, this range in itself is not so prohibitively restricted as to negate work capability for substantial gainful activity.

*Id.* at § 201.00(a),–(b). Plaintiff's age was a positive factor in determining whether he was capable of adapting to unskilled sedentary employment, and neither the Secretary nor the magistrate erred in considering plaintiff's youth as a factor in their rulings. Although plaintiff contends that one with chronic severe pain and chronic severe depression/anxiety cannot concentrate for prolonged periods of time, even in sedentary employment, the severity of such symptoms was a question of fact to be decided by the Secretary. Since, as this court has noted, the Secretary's factual determinations are supported by substantial evidence, this exception lacks merit.

 Finally, plaintiff requests a remand so that he may have a residual functional capacity evaluation performed and submit it into evidence. Plaintiff states that he failed to submit such an evaluation before the Secretary because "he felt his lack of functional capacity would have been presumed when his exertional impairments and non-exertional impairments were considered in combination." Exceptions at 5. Since plaintiff bore the burden of proof in the administrative proceedings, the court fails to see why he would "presume" such a material fact. Remand would not be warranted on this ground, as this is the very type of "floating application" that Congress intended to disallow in passing the 1980 amendment to 42 U.S.C. § 405(g). The motion to remand on this ground must thus be denied.

The court notes, as reflected by the Earnings Record Determination (Record at 56), that the plaintiff's insured status continues through December 31, 1985.[5] In light of the plaintiff's subsequent deterioration, hospitalizations and treatment, it is conceivable that plaintiff may be able to establish a disability onset date subsequent to the Secretary's final decision. The court expresses no opinion as to whether the plaintiff can establish the onset of disability after April 7, 1982.

After a thorough review of the pleadings, the briefs of the parties, the record and the report of the United States Magistrate, the court is of the opinion that the Secretary's decision is supported by substantial evidence. Furthermore, the plaintiff has presented no material new evidence which would justify a remand under 42 U.S.C. § 405(g). For the foregoing reasons and based upon the cited authorities,

IT IS ORDERED that the decision of the Secretary be, and the same hereby is, affirmed. IT IS FURTHER ORDERED that the plaintiff's motion to remand be, and the same hereby is, denied.

---

**5.** The computer printout reflects that plaintiff's insured status expires in December 1984. It appears, however, that plaintiff was not given credit for the four quarters in 1980 when he was employed, and in the "Remarks" section of the Earnings Record, the date last insured was recomputed to reflect December 31, 1985.